## Pennypacker *versus* Umberger.

1. In a suit on a check by the holder against the drawer, the payee and endorser of it is not competent to testify that it was unavailable as between the maker and payee; but he is competent to prove matters arising subsequent to its creation as between the payee and a subsequent party.

2. In an action on a check for $250, brought by the holder against the drawer, after proof to the effect that the check was drawn for the mere accommodation of the payee, or without consideration, it was *Held*, that the payee who had endorsed the check, was a competent witness, on the part of the drawer, to prove that the payee pledged the check to the plaintiff as security for a loan of $200; that a few days after the check was payable he paid to the plaintiff $100, and before suit brought he *tendered* $100 more.

3. He was not incompetent from *interest*, because if the plaintiff recovered, the witness would be liable to the defendant; if the plaintiff failed to recover against the defendant, the witness as endorser, would be liable to the plaintiff, and the verdict in the suit against the drawer could not be used in his favor.

4. The debtor has a right to appropriate a payment by him, and the account books of the plaintiff, the creditor who received the money, showing the application of the payment to another claim against such debtor, are not evidence on the part of such plaintiff to contradict the testimony of the debtor as to the application of the money paid.

5. Where a tender to the plaintiff is made before suit brought, equal to the amount due the plaintiff, and the money is brought into Court under the plea of tender, the verdict should be for *the defendant*.

ERROR to the District Court of *Philadelphia*.

This was an action by Herman Pennypacker *v.* J. C. Umberger, brought to recover the amount of a check, drawn by Umberger, the defendant, on the Western Bank, to the order of W. W. Clark, and was endorsed by Clark. The check was drawn on the 4th of March, 1852, and was for $250. The bank was notified by the drawer not to pay the check.

On the trial, on the part of the defendant it was testified by a witness, that he was present when Umberger gave the check to Clark; and that Umberger told Clark that if the check was not returned before the day it fell due, he would stop the payment of it. *No consideration passed between them.*

Clark, the payee, was then offered as a witness on the part of the defendant. He was objected to, 1. That it was not admissible to contradict the check by oral testimony. 2. That the check being negotiable and having been actually negotiated, Clark, the payee, was not a competent witness to invalidate it in the hands of a third

[Pennypacker v. Umberger.]

party.   3. That he was not competent to prove a payment of any part of it by *himself.*

He was admitted, and he testified that he received the check from Umberger, and pledged it with the plaintiff for a loan of $200; that he received but $200.   He further said that he repaid to Pennypacker $100 *on account of the check* about a week after the check was payable; and that about a week afterwards he tendered him $100 more.

On his cross-examination, he said that at the time he took the check to Pennypacker he owed him borrowed money—a due-bill for $60, for which Pennypacker had merchandise as security.   He said that when he passed the check to Pennypacker he told him he could use it in the payment of his bills.

Afterwards the plaintiff's account-books were offered on his part, to show that the $100 received from Clark had been credited to him on an account between him and the plaintiff.   Objection was made, and the books were rejected.

The amount of the tender, $100, was brought into Court.

The Court instructed the jury that if they believed the testimony of Clark, the $100 should be appropriated to the check; if they did not believe him, then it should be applied to the payment of the book debt.

How the verdict was rendered was not stated on the paper-books; it, however, seemed to have been rendered for the defendant.

Error was assigned: 1. To the admission of oral testimony to affect the check.   2. To the admission of Clark.   3. To the rejection of the books.   4. To the charge that Clark could direct to what account the $100 should be credited.   5. That verdict should have been rendered for the plaintiff for $101.

*Miller,* for plaintiff in error.—It was said that a party to a negotiable instrument, cannot invalidate it by his own testimony: 1 *Term Rep.* 296; 6 *Pet.* 51; 6 *Ser. & R.* 113.   As to the fourth assignment it was admitted that Clark had the right to direct the application of $100, *at the time it was paid;* but it was objected that *he* was not a competent witness to prove the direction.   As to the fifth assignment, it was said that if the $100 were credited on the check, there was still due the plaintiff $101, for which a verdict should have been rendered and costs.

*Clay,* for defendant in error.—Clark, the endorser, was not called to prove that no consideration passed between him and the defendant when the check was received; this was proved by the other witness.   Clark was called, 1. To show that the check was deposited by him with the plaintiff *as a collateral security for $200*

2 T

*only ;* 2. To prove the payment by himself of $100, on account of the loan; and 3. To prove a tender of the balance with interest. It was contended that for these purposes he was competent.  He was not offered to show that the check was made for his accommodation, nor in any way to impeach or invalidate it as a security; but merely to show that it was pledged for less than the amount payable on its face, and that after it fell due, the amount borrowed on it had been repaid or tendered.   Cited 3 *Barr* 381, Appleton *v.* Donaldson.   Also, though an endorser of a negotiable instrument is not competent to impeach it in the hands of *a bonâ fide holder*, by showing anything which attended its inception or attached to it before it left the hands of the original parties, as that the consideration was usurious or that it failed, yet he may testify to facts which occurred *subsequent* to the negotiation of the instrument: 9 *Barr* 82; 4 *Harris* 128; 5 *Barr* 52; 3 *Harris* 64; 11 *Johns.* 128.

As to the fourth assignment.   There was no proof that the $100 was paid on any other account than on the check.   The balance of the account of the plaintiff against Clark was about $60, and if that were paid out of the $100, there would remain a balance of the $100 applicable to the check.

5th. As the plaintiff failed to recover more than the sum paid into Court, he was not entitled to a verdict: *Tidd's Pr.* 656.

The opinion of the Court was delivered by

KNOX, J.—This action was brought to recover the amount of a check upon the Western Bank, drawn by the defendant to the order of W. W. Clark, and by him endorsed to the plaintiff.

On the trial, after proving that the check was made for the accommodation of Clark, he was offered by the defendant as a witness to prove,

1st. That the check was deposited by him with the plaintiff as collateral security for a loan of $200.

2d. That he had paid to the plaintiff on account of the loan $100, and tendered the residue before suit brought.

The admission of Clark as a witness, forms the principal matter complained of by the plaintiff in error.   It is objected, first, that he was interested; and second, that being a party to the instrument he was incompetent to invalidate it.

It is not easy to perceive how the witness was incompetent upon the question of interest.   If Pennypacker recovered, Clark would be liable to Umberger, and if there was no recovery, Clark would be liable to Pennypacker, and the verdict in this case could not be used in his favor.   That he was interested in the question was for the jury upon his credibility, and not for the Court upon his competency.

[Pennypacker v. Umberger.]

Upon the ground of policy, the rule is firmly established in Pennsylvania, that a party to a note or bill which is strictly negotiable and has been actually negotiated, cannot be a witness to impeach it. He cannot be permitted to show that in its concoction it was unavailable as between the payee and the maker. But this rule does not apply to matters arising subsequently to the creation of the original liability, as between other than the first parties. In Appleton v. Donaldson, 3 *Barr* 381, one of the payees of the note, for whose accommodation it had been made, was permitted to prove that it was pledged by the firm of which he was a member, to the plaintiff as collateral security for the payment of a sum less than its face, and that a tender had been made for the amount of the pledge. In the case of the Harrisburg Bank v. Forster, 8 *Watts* 304, it is ruled that whether an endorser is a competent witness, depends upon the character of the evidence which he is to give. That although he is incompetent to establish a want of consideration to the note, he is competent to prove a direct payment of it by the maker. So in Snyder v. Wilt, 3 *Harris* 59, Glover, a party to the original instrument upon which the action was based, was received as a witness as to matters which took place after the execution of the draft. The same principle was held in Maynard v. Nekervis, 9 *Barr* 81.

Under these authorities, and others not necessary to cite, the Court below properly admitted Clark to prove how the check was held by Pennypacker, and what payments had been made upon it after it came into his possession.

The books of account were properly rejected. They were not evidence to disprove what Clark had testified to in relation to the appropriation of the $100 payment. There is no plainer principle of law, than that the debtor may if he chooses direct how a payment is to be applied.

Where a tender is made before suit brought, equal to what is found to be unpaid, and the money is afterwards paid into Court upon a plea of tender, the verdict should be for the defendant. There does not appear to have been a formal plea of tender, but there is no point raised upon this branch of the case by the bill of exceptions. If there was error in the verdict under the pleadings, there is nothing upon the record by which we can correct it.

Judgment affirmed.