## Wheeler *versus* Woodward.

1. Arbitrators awarded, "we find for the defendant for the reason * * that the defendant did * * tender to the plaintiff the sum of $20 * * and did bring $20 before the arbitrators and tendered the same to the plaintiff, which is now in the hands of the arbitrators subject to the demand of the plaintiff. And we find that the balance due from defendant to plaintiff on account was $10.43." Judgment was entered for the defendant on the award; the court directed judgment to be entered for plaintiff for $10.43. *Held* to be error.

2. The arbitrators could be compelled to pay the money into court.

3. If the defendant took the money, the court could compel him by attachment to restore it.

4. Tender is a good plea in *bar*, and if followed up, protects the defendant.

5. The sum brought into court becomes the money of the plaintiff and the verdict goes for the defendant carrying with it costs.

October 18th 1870. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Erie county*: of October and November Term 1870, No. 95.

This case was between Daniel J. Woodward, plaintiff, and Charles M. Wheeler, defendant. It was commenced before a justice of the peace, and on the 26th of July 1866 removed into the Court of Common Pleas by appeal.

Under a rule of reference entered by the defendant, the arbitrators made this award:—

"May 12th 1870, arbitrators, after due deliberation, do say, that we find for the defendant, for the reason that we find, from the evidence, that the defendant did, prior to the commencement of this suit, tender to the plaintiff the sum of $20 lawful money, which the plaintiff did refuse to take as a settlement, and that we further find that the defendant did bring $20 United States legal tender notes before the arbitrators, on the trial, and tendered the same to plaintiff by laying it on the table, as money brought into court, which plaintiff did not accept, and which is now in the hands of the arbitrators, subject to the demand of the plaintiff. And we find that the balance which was due from defendant to plaintiff on account, was $10.43."

The docket entries were:—

"May 13th 1870, award of arbitrators filed, who say, 'we find for the defendant;' same day judgment upon the award for the defendant nisi.

"May 28th 1879, on motion of plaintiff, rule granted to show

[Wheeler v. Woodward.]

cause why the award of arbitrators should not be amended, and judgment be entered for the plaintiff for $10.43.

"May 30th 1870, the court, on hearing, refuse to alter the award, but construe the award to be one in favor of the plaintiff, for the sum of $10.43, and direct the entry to be so amended by the prothonotary."

Judgment was entered accordingly, and there was no appeal.

The defendant took out a writ of error, and assigned for error entering judgment for the plaintiff.

*W. Benson*, for plaintiff in error.—If the award was wrong, the remedy was by appeal: Post *v.* Sweet, 8 S. & R. 391. The reasons of the arbitrators were surplusage: Green *v.* Fricker, 7 W. & S. 171; Fisher *v.* Kean, 1 Watts 259. Tender was greater than the amount due, and the award should be for defendant: Pennypacker *v.* Umberger, 10 Harris 495; 2 Archbold's Pr. 183.

*B. Grant* and *J. Sill*, for defendant in error.—The court may reject surplusage: Green *v.* Fricker, *supra.*—Tender should have been pleaded: Seibert *v.* Kline, 1 Barr 38; Harvey *v.* Hackley, 6 Watts 264; McDowell *v.* Glass, 4 Id. 389; Dickerson *v.* Anderson, 4 Whart. 78; Act of 1705, § 2, 1 Sm. Laws 49, Purd. 331, pl. 2. The court had the right to investigate the award, and therefore to amend: Fitzsimmons *v.* Leckey, 3 Penna. R. 111.

The opinion of the court was delivered, October 27th 1870, by

Agnew, J.—It was an error on part of the court to direct the award to be entered for the plaintiff, whether it be termed altering or construing the award. It was in fact, however, a clear alteration. The arbitrators say expressly that after due deliberation they find for the *defendant*, and for this they gave a good reason. To put this reason in fewer words, they said that the defendant tendered the plaintiff $20, and brought the money into court, while he owed the plaintiff but $10.43. A tender is a good plea in *bar*, and if followed up protects the defendant. The admitted sum brought into court becomes the money of the plaintiff, and the verdict goes for the defendant, carrying with it a judgment for costs. The finding of the arbitrators on the plea of tender was right, therefore, and left the plaintiff his only remedy, to wit, to call for the money which the arbitrators can be compelled to pay into court for the use of the plaintiff. It does not appear that the defendant took away the money after the award, and if he did, the court can compel him by attachment to restore it.

The order of the court of May 30th 1870 is therefore reversed, and the entry of the award of May 13th 1870 restored with costs.