# William McLane et al. v. W. H. Hoffman and J. J. Leidecker, Appellants.

*Rules of court—Construction—Review—Judgment for part of claim—Costs on suit for balance.*

The Supreme Court will not interfere with the construction which a court of common pleas places upon its own rules except in cases of clear error.

A rule of court provided that "where the defence is to part of the plaintiff's claim, the affidavit shall contain an order to confess judgment for the amount not disputed, for which sum judgment shall be forthwith entered by the prothonotary, and unless the money is paid into court, or bail given for stay of execution, plaintiff may issue execution therefor.

The plaintiff, if he refuses to accept said judgment as in full of his claim, shall, before he issues execution or receipts for the money, file a paper refusing to accept, and may thereafter proceed to trial for the balance of his claim, but if he recovers no part of the balance claimed he shall pay all costs on the proceedings to recover the same." Defendants tendered judgment for an amount admitted to be due, but did not pay the amount into court until five days before the trial, when they paid into court the amount tendered with costs and interest to date. Plaintiff refused to accept the tender. The case was tried, and the jury returned a verdict in favor of plaintiffs for the exact amount tendered. The court then made an order on plaintiffs to pay all costs of the proceeding to recover the residue of their claim exclusive of the amount paid into court. *Held,* not to be error.

: Argued Oct. 15, 1894. Appeal, No. 22, Oct. T., 1894, by defendants, from order of C. P. Butler Co., June T., 1892, No. 19, making absolute rule on plaintiffs to pay costs. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule on plaintiffs to pay costs. Before GREER, P. J.

From the record it appeared that the action was assumpsit to recover for a breach of covenant in a lease of land for oil and gas purposes. Defendants filed an affidavit of defence in which they admitted $74.57 to be due, and offered to confess judgment for that amount. Plaintiffs filed a counter affidavit as follows: "The plaintiffs refuse to accept the amount of $74.57, for which judgment was tendered in full of their claim, nor are they bound to take notice of said tender, as the money was not paid into court, nor did the plaintiffs issue execution therefor." The affidavit was filed April 4, 1892, the counter affidavit Sept. 19, 1892. On Feb. 10, 1893, defendants paid into court $84.12, being the amount tendered with interest and record costs to date. The case was on the list for the term commencing Feb. 6th, but was not called for trial until Feb. 15th. A verdict for plaintiffs for $74.57 was rendered Feb. 16, 1893. On May 9, 1893, the court made absolute a rule on plaintiffs to pay all costs on the proceedings to recover the balance of their claim sued on. The rule of court is stated in the syllabus.

*Error assigned* was above order.

*David Marshall*, *K. Marshall* and *Thompson & Son*, with him, for appellants.

*Lev. McQuistion*, *W. A. Forquer* with him, for appellees.

PER CURIAM, Oct. 29, 1894:

In their affidavit of defence, the defendants, under the rule. of court, tendered judgment for $74.57, part of plaintiffs' claim, and made defence as to the residue. Plaintiffs, in their counter affidavit, refused to accept the amount for which judgment was tendered and averred they were not "bound to take no-' tice of said tender, as the money was not paid into court, nor' did plaintiffs issue execution therefor." No further action appears to have been taken until five days before trial of the case, when defendants, upon leave granted, paid into court $84.12, the amount tendered with costs and interest to date of payment. The case was tried and on February 16th a verdict for $74.57 was rendered in favor of plaintiffs. Afterwards defendants moved the court for an order on plaintiffs to pay all costs of the proceedings to recover the residue of their .claim, exclusive of the amount tendered and afterwards paid into court; and upon due consideration the order, which is the subject of complaint here, was accordingly made. The only question is whether the court erred in construing its own rule.

In view of the foregoing facts and the provisions of the rule' referred to, we think there was no error in construing the' .atter, or in making the order complained of. The rule in' question is promotive of justice, and tends to speed the final disposition of causes, and should therefore be liberally con-' strued. The court is the best judge of its own rules, and unless its construction of them is clearly erroneous we are not disposed to interfere.

Order affirmed with costs to be paid by appellants.