## Joseph Sheehan, Appellant, *v.* Jacob Rosen.

*Evidence—Rejection not error, when effect cured by admission of opposite party.*

The rejection of evidence is not ground for reversal where by the concessions made on the trial by the opposite party and the positive instructions of the court, the party complaining had every legitimate benefit that the evidence if admitted, would have given him.

*Erroneous ruling as to concluding argument.*

An erroneous ruling as to whom the concluding argument shall be allowed, standing alone, does not warrant a reversal.

*Appeal—Remarks of counsel—Review—Record.*

Reversible error is not disclosed when neither of the recognized methods for bringing up for review the ruling of the court upon objection to the remarks of counsel in argument has been adopted.

*Practice, C. P.—Pleas of tender—Verdict for defendant.*

A tender is a good plea in bar and if followed up protects the defendant, the admitted sum brought into court becomes the property of the plaintiff, and the verdict goes for the defendant if no more is found to be due.

Argued Dec. 12, 1899. Appeal, No. 40, Oct. T., 1899, by plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1894, No. 1162, on verdict for defendant. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Per Curiam.

Rule to open judgment and let defendant into a defense made absolute and case tried before AUDENREID, J.

It appears from the record that judgment was entered on single bill against defendant for $893.87 which was opened by the court and defendant let into a defense. The allegation of the plaintiff was that the judgment was given by defendant as collateral security for goods furnished and to be thereafter furnished, and that subsequently goods had been furnished by plaintiff to Mr. Rosen in the name of John Knight, whereupon plaintiff issued execution in this case assessing damages at $507. A rule was granted to pay into court the sum of $223.60, the amount admitted to be due by defendant. This sum was subsequently paid into court on the same day and depositions were filed.

At the trial the trial judge on objection of defendant ruled out, on cross-examination of defendant, Rosen, certain questions of plaintiff and certain offers made with an attempt to prove that Jacob Rosen was conducting the business on Ridge avenue in Mr. Knight's name and that Knight had nothing to do with it except allowing Rosen to use his name, and that the goods charged to Knight were really furnished to Rosen and used by him for his own benefit, these rulings on evidence being made the subject of the first eight assignments of error.

[At the trial also defendant offered to prove the circumstances of the sale of certain lots by defendant to a third party. This offer was objected to by plaintiff's counsel and the objection sustained by the court.] [9]

[After the evidence was closed the learned court permitted counsel for defendant to have the opening and closing address to the jury.] [10]

The court charged the jury in part as follows:

[There are some other circumstances in this case which are not without their bearing on the determination of the question involved in it. The law does not say that two men, one of whom holds a judgment against the other, which has been paid, cannot get together and agree that the judgment shall as between themselves stand as collateral security for new debts to be contracted. The court will enforce such an agreement as between the original parties.

On the 1st day of July, 1896, or thereabouts, after the last collection was made by attachment issued under this judgment, Mr. Sheehan sent to Mr. Rosen a statement of the account, and by that statement it appears that at that time he claimed from him the sum of $185.30 only. Again, Rosen says that on the 21st of February, 1896, Mr. Sheehan notified him that his indebtedness at that time amounted to $195.95. Rosen's testimony on this point is corroborated by that of his attorney, Mr. Wessels. It is also in evidence that the execution that was issued on the judgment was not for $893.88, with interest, but for the sum of $507. These are matters which you may take into consideration in determining what the agreement between these men really was, and whether it is true, as Sheehan now says, that that judgment was to be held as collateral security for the indebtedness which it appears by other evidence Mr. Rosen had contracted on the two notes of May 20, 1897.

To my mind, and of course I have a right to express an opinion upon the subject, although my opinion as to any question of fact is not binding upon you, and you may take it or not, just as as you see fit, the province of the court being to instruct the jury as to the law, and not to give binding instructions as to how they shall find on questions of fact, I may say that this statement of Mr. Sheehan, that on July 1, 1896, his claim on this judgment amounted to about $185.30, and that on February 21, 1898, there was due him on the judgment only $195.95, and the fact that on or about the date which I have mentioned, he issued execution on the judgment for $507 only, are inconsistent with the theory that he at any one of these times claimed or had the right to claim any greater sum—any sum like that for which he now asks a verdict at your hands on this judgment. But as I say my opinion ought not to control or bind you, you should take your own judgment on all questions of fact.] [11]

[If you believe there was no agreement between the plaintiff and the defendant that the plaintiff's judgment against the defendant should stand as collateral for the defendant's subsequently contracted indebtedness, your verdict must be for the defendant, because the payments which he has shown here would suffice in the aggregate to make up the total amount which the note and the judgment entered upon it were originally given for.] [12]

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (1–8) to rulings on evidence as substantially indicated in the statement of facts.   (9) In permitting counsel for defendant to argue to the jury the transfer and sale of the property lots after the learned court had ruled out the offer of the testimony to that effect.   (10) In permitting counsel for defendant to have the opening and closing address to the jury.   (11, 12) To portions of the judge's charge, reciting same.

*William Gorman*, for appellant.—The first eight assignments may be considered together.   It is to be remembered that the contention of the plaintiff (appellant) is that the judgment note in controversy was held as collateral security for the goods furnished and to be furnished to Jacob Rosen, and that further Rosen at one time failed, and a man by the name of Knight, after the sale of Rosen's goods by the sheriff, allowed Rosen to use his (Knight's) name to carry on the business.   The goods furnished to Knight and charged to him, were in reality furnished to Rosen for Rosen's own use and benefit.   Knowing this to be the contention of the plaintiff (appellant) by a perusal of the assignments above mentioned, it is readily seen that the questions asked and the offers made sought to bring out matters of the greatest relevancy to this issue, and sought to bring them out in an orderly, clear and regular manner, as it was the plaintiff's right to do, and as it was necessary for him to do, holding the contention that he did, that his note was security both for goods furnished and to be furnished Rosen, and if Rosen (having failed), through an arrangement with a man by the name of Knight, used Knight's name for carrying on the business, and had goods charged to Knight, when in reality the business was Rosen's and the goods were furnished to Rosen, the plaintiff (appellant), should have had under all the rules of evidence the right to place before the jury such facts as his testimony brought out tending to prove this condition of affairs, and his right to recover from Rosen the amount due him for the goods furnished to Rosen in Knight's name.

By allowing the argument objected to in the ninth assignment of error the court permitted to be injected into the minds

of the jury matters that had no bearing whatever upon the decision of the cause before them, but something that diverted the minds of the jury from the true issue before them. This was allowed, although the testimony upon this sale and transfer of the lots had been ruled out by the court.

Where a judgment is opened without terms, it is necessary for the plaintiff to prove his case precisely as if no judgment had been entered: Harris v. Harris, 154 Pa. 501.

It follows, therefore, that the burden of proof was upon the plaintiff; he must make out his case subject to the defendant's right to defeat him: Sossong v. Rosar, 112 Pa. 197.

The burden of proof, therefore, being upon plaintiff, he had the right to begin and reply. The manner of the court in stating the testimony of the defendant alone was calculated to prevent the jury from a proper view of the case. The expression of his opinion immediately following such review would further prevent the jury from a proper consideration of the testimony. The terms of the charge objected to manifestly show reversible error under the authorities, of which reference may be made to the following: Ditmars v. Com., 47 Pa. 335; Newhard v. Yundt, 132 Pa. 325; Reichenbach v. Ruddach, 127 Pa. 564; Canal Co. v. Harris, 101 Pa. 80; Com. v. Orr, 138 Pa. 276; Samuel v. Knight & Co., 9 Pa. Superior Ct. 352; Lerch v. Bard, 177 Pa. 197; Fineburg v. Railway Co., 182 Pa. 97; Shaver v. McCarthy, 110 Pa. 339.

*Geo. P. Rich,* of *Rich & Boyer,* for appellee.—There is no rule of law better settled or sustained by a greater weight of authority than the ruling that the court will not reverse for error by which the appellant was not injured.

Some substantial injury must be shown to have been the actual or probable result of an error in the trial to justify the disturbance of the judgment: Ziegler v. Handrick, 106 Pa. 87; Trego v. Pierce, 119 Pa. 139.

Although as an abstract proposition the action of the court in ruling out evidence was wrong, yet if the admission of the evidence would not affect the case in any way the court will not reverse on a mere worthless abstraction: Dunklee v. Harrington, 101 Pa. 462.

The refusal to allow a question which, in view of the subse-

quent testimony of the witness, did not injure the party complaining, is no cause for reversal: Com. Title Co. v. Gray, 150 Pa. 255.

As to the ninth assignment there was nothing on the record to show what was the objectionable language complained of or to bring it before the court for its consideration.

The plea of payment is an affirmative plea, which admits the plaintiff's cause of action and casts the burden of disproving it on the defendant, and gives him the right to open and conclude to the jury: Delaney v. The Regulators, 1 Yeates, 403; Norris v. The Insurance Co., 3 Yeates, 84; Richards v. Nixon, 20 Pa. 19; Smith v. Frazier, 53 Pa. 226. See also Marsh v. Pier, 4 Rawle, 272, 283.

It is well settled that the court will not reverse for an error in prescribing the order in which counsel shall address the jury: Smith v. Frazier, 53 Pa. 226; Blume v. Hartman, 115 Pa. 32; Robeson v. Whitesides, 16 S. & R. 320; Richards v. Nixon, 20 Pa. 19; Hartman v. The Ins. Co., 21 Pa. 466; Staub v. Wolf, 4 Pennypacker, 280.

The opinion expressed by the trial judge on the question of facts submitted to the jury was carefully guarded and qualified, and the jurors were plainly told that they were not bound to act upon it, but were to take their own judgment on the evidence as to all the questions of fact. While, on the other hand, in the previous part of his charge, the judge had carefully presented the plaintiff's testimony in regard to the notes.

PER CURIAM, January 17, 1900:

1. This was an issue upon an opened judgment. The disputed question of fact was, whether or not it was agreed between the plaintiff and the defendant that the judgment should stand as collateral security for any subsequent indebtedness that the defendant might incur for goods sold by the plaintiff. This being the issue, it was unquestionably relevant to show that the indebtedness for goods subsequently furnished to Knight was in reality the defendant's indebtedness. If this fact had been in dispute, it would have been error to refuse to permit the plaintiff's counsel to ask the questions specified in the first eight assignments. But it was not disputed. The defendant had admitted that he conducted the business carried on in the

name of Knight, and when these questions were asked, his counsel conceded that the defendant assumed liability for whatever goods were furnished to Knight, and had given the plaintiff two notes indorsed by Knight therefor. By this concession, the issue to be decided by the jury was narrowed to the single question stated at the outset of this opinion, and the trial judge instructed the jury explicitly that if they found that the parties made that agreement the plaintiff would be entitled to recover the original amount of his judgment together with the amount of the two notes referred to, less the credits shown or admitted. In view of the concessions of the defendant and his counsel, and the positive instructions of the court, it is clear that the plaintiff was not harmed by the refusal to permit him to go into the details of the relations between the defendant and Knight. The rejection of evidence is not ground for reversal where, by the concessions made on the trial by the opposite party and the positive instructions of the court, the party complaining had every legitimate benefit that the evidence, if admitted, would have given him. Therefore, these assignments are overruled.

2. Neither of the methods recognized in Com. v. Weber, 167 Pa. 153, Holden v. Penna. R. Co., 169 Pa. 1, and Com. v. Windish, 176 Pa. 167, for bringing up for review the ruling of the court upon objection to the remarks of counsel in argument to the jury was followed in the present case. Indeed, it does not appear in the official report of the trial, or in any other way, what the remarks were, and unfortunately counsel do not agree in their recollection concerning them. The only ruling we find in the record is that made when the defendant's counsel opened his case, and to that no exception was taken. We are, therefore, unable to sustain the ninth assignment. See also Com. v. Smith, 2 Pa. Superior Ct. 474, 487; Littell v. Young, 5 Pa. Superior Ct. 205, 215.

3. The plaintiff's counsel argues with much force that the burden of proof was on his client, and therefore he should have been permitted to make the concluding argument to the jury. He has, however, cited to us no case where an erroneous ruling as to this matter has been held sufficient, standing alone, to warrant a reversal on appeal. The general rule is the other way: 1 P. & L. Dig. of Dec. Col. 1005. The subject is fully

considered by our Brother W. W. PORTER in an opinion filed to-day in the case of Mendenhall v. Mendenhall, ante, p. 290. The tenth assignment is overruled.

4. We have examined the evidence with special reference to the matter specified in the eleventh assignment and are not convinced that the learned trial judge exceeded proper limits in expressing his opinion as to the significance of the evidence referred to by him, nor that his comments were unfair or one-sided when viewed in the light of his other instructions. This assignment is overruled.

5. It was held in Wheeler v. Woodward, 66 Pa. 158, that a tender is a good plea in bar, and if followed up, protects the defendant. The admitted sum brought into court becomes the money of the plaintiff, and the verdict goes for the defendant if no more is found to be due. See also Pennypacker v. Umberger, 22 Pa. 492. The plaintiff's objection that in the present state of the record there is nothing to show his right to the money paid into court is not well founded. He has no reason to fear that he will not be permitted to draw out the money, if he has not already done so. The twelfth assignment is overruled.

The judgment is affirmed.