# Philadelphia Company *v.* Renner, Appellant.

*Lease—Oil lease—Forfeiture—Payment by check—Clearing house.*

Where an oil lease provides for payment of rental by check or draft, the lessor cannot forfeit the lease merely because the check sent to him had printed across its face the words "payable only through the Pittsburg Clearing House," the check being perfectly good and payable.

Argued Oct. 12, 1908. Appeal, No. 173, Oct. T., 1908, by defendants, from decree of C. P. Greene Co., No. 135, in equity on bill in equity in case of Philadelphia Company and The Fisher Oil Company v. Baronett F. Renner and Martha J. Renner. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction to restrain interference with oil property. Before INGHRAM, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was the decree awarding and continuing the injunction.

*James J. Purman,* with him *Frank W. Downey,* for appellants.—The words: "payable only through Pittsburg Clearing House," destroyed the right to demand the money and limited the manner of payment: Gray v. Donahoe, 4 Watts, 400; Crane v. Bank, 173 Pa. 566; Philler v. Patterson, 168 Pa. 468.

*A. H. Sayers,* for appellees, was not heard.

OPINION BY MR. JUSTICE ELKIN, January 4, 1909:

As this case has developed, the only question to be determined here is whether at the time this proceeding was instituted there had been a forfeiture of the lease by failure to pay the rental according to the terms of the contract. The appellants claim the right to declare a forfeiture which the appellees deny. The clause under which a forfeiture is asserted

provides that the lease shall become null and void unless a well shall be completed on the premises within sixty days from the date thereof, or unless the lessee shall pay at the rate of $30.00 quarterly, in advance, for each additional three months such completion is delayed. The well was not completed within sixty days, but the quarterly payments were made from time to time during a period of nine years up to and including the rental due August 17, 1907, as to which payment the controversy in the present proceeding arises. The lease provides that the quarterly payments may be made direct to the lessors, or to Baronett F. Renner, one of the complainants, at Garrison post office by check or draft. Payment was tendered in due time by a check or draft, drawn upon the Farmers' Deposit National Bank of Pittsburg, for the sum of $30.00, which check or draft was deposited in the mails for transmission and was received by Renner, November 16, 1907, one day before the payment was due. He refused to accept the draft and returned the same by first mail to the lessee upon the ground that across its face were printed the words "payable only through the Pittsburg Clearing House," the contention then and now being that a draft made payable through the clearing house was not a compliance with the contract. The objection is too technical to be substantial. The contract only provided that the payment could be made by check or draft, and nothing is said about the method of collection. What Renner had the right to demand was a check or draft, drawn by the lessee on a bank which when paid was a compliance with the very letter of the covenant. He received in due time a draft drawn upon a responsible banking institution, calling for the payment of the proper sum to meet the advance rental, and all that he had to do was to deposit it for credit with the bank in which he did business and collection would follow in due course of banking. The fact of payment was what the lessor was interested in and not the method of making it, so long as the terms of the contract were not violated. It was immaterial to the lessor whether the draft was paid over the counter of the banking institution drawn upon or through the clearing house, if in point of fact it was paid or would have

been paid and he had received or would have received the benefit of it. That the draft was good is not denied, and, that it would have been paid through the clearing house, if presented, is not questioned. Certainly, under these circumstances, complainant was not justified in returning the draft and declaring a forfeiture of the lease. For a long period of years the lessee had paid the quarterly rentals by draft just as was done in this instance, except the former drafts were not made payable through the clearing house, but, as hereinbefore suggested, this at most only affected the method of collection in due course of banking and did not deny to the lessor any substantial right under the contract.

We find no reversible error and the decree is affirmed at the cost of appellants.