## Thomas *v.* Nichols, Appellant.

*Practice, C. P.—Tender of amount admitted on claim—Money paid into court—Verdict of jury—Credit of money paid into court.*

In an action of assumpsit for the wrongful cancellation of a lease, the defendant admitted that a certain amount was due, and averred a tender of the same. At the trial of the case after plaintiff's evidence was concluded the defendant again tendered in open court the amount which he admitted to be due, and upon the plaintiff's refusing to accept the same, asked leave to pay the money into court, which was granted. Upon a verdict by the jury for the plaintiff, the defendant took a rule to show cause why the money which was paid into court should not be credited against the verdict. *Held,* that the money paid into court belonged to the plaintiff and that the amount thereof should be credited against the verdict, less the costs and poundage fee.

Argued April 20, 1921. Appeal, No. 79, April T., 1921, by defendant, from judgment of C. P. Westmoreland County, Feb. T., 1918, No. 454, on verdict for plaintiff in the case of James U. Thomas v. W. W. Nichols. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

82, (1921).] Statement of Facts—Opinion of the Court.

Assumpsit for damages for wrongful cancellation of lease of coal mine. Before McCONNELL, P. J.

Rule to show cause why money paid into court should not be credited as part payment of the judgment and costs.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $235.29 and judgment thereon. Subsequently the defendant presented his petition setting forth the payment into court of the sum which he admitted to be due to the plaintiff, to wit, $228.23, and asking that the plaintiff be required to credit the amount, less poundage, upon the judgment.

The court dismissed the petition. Defendant appealed.

*Error assigned* was the decree of the court.

*Paul H. Gaither,* of *Gaither and Whitten,* for appellant.

*H. H. Fisher,* and with him *Rabe F. Marsh,* for appellee.

OPINION BY LINN, J., July 14, 1921:

This is an appeal from an order discharging a rule to show cause why plaintiff, with judgment on a verdict stated by the jury to be for "plaintiff......for $235.29, costs to be placed upon the defendant," should not credit upon that judgment the sum of $228.23 tendered to plaintiff before suit and paid into court during the trial.

It was heard on petition, answer, and we assume, such parts of the record of the trial as are printed for this appeal. In his statement of claim among other things, plaintiff had declared for breach of contract resulting from defendant's preventing his further mining coal on defendant's land and for the amount per bushel alleged to be unpaid, which defendant agreed to pay him for

mining certain coal, and for certain expenses in preparing the mine.   The affidavit of defense denied all liability except "for the said sum of $228.23 without costs" alleged to have been tendered, etc.   During the trial after plaintiff had closed his case, defendant testified that in April, 1917, he tendered plaintiff $228.23 as the amount due on the contract and that plaintiff declined it, saying, "something about I could settle in Greensburg in court; he would not accept it."   He testified the amount was due plaintiff March 31, 1917, and that the tender "did not include anything on account of interest." The trial having reached that stage, the record shows that the money was then paid into court as follows: "The defendant having, before suit brought tendered the plaintiff $228.23 in settlement of the suit, or in full of the claim the defendant admitted owing, now tenders the same amount to the plaintiff in open court and asks that plaintiff be required to accept it or refuse it.   To which offer counsel for plaintiff object because the so-called tender is not made according to law, and with that objection in view the so-called tender now made in open court is refused.   For the reasons stated the offer is refused.   The plaintiff having refused the money brought into court by defendant, the defendant now asks leave to pay the same into court for the use of the plaintiff, $228.23.   The Court: Motion granted."   No exception was taken to the action of the court.   It therefore appears that payment into court was not pursuant to the Act of January 12, 1705, 1 Sm. L. 50, or the Act of March 12, 1867, P. L. 35, or to the rules of the court below.   It is however settled that the money paid into court ceased to be defendant's and became plaintiff's: Wheeler v. Woodward, 66 Pa. 158; Sheehan v. Rosen, 12 Pa. Superior Ct. 298, 305.

The verdict was rendered on December 3, 1919; no motion for a new trial was made; and on December 10, 1919, judgment was entered on the verdict.   On December 24, 1919, defendant presented his petition, setting

forth the payment into court, the verdict and judgment and that plaintiff had endeavored to take out the money without crediting it on the judgment. The petition asked that plaintiff be required to credit the amount, less poundage, upon the judgment and obtained this rule to show cause. Plaintiff answered claiming both amounts. The rule was discharged and this appeal resulted.

The parties have printed only so much of the evidence as relates to the tender; but we learn (1) from the charge of the court what was submitted to the jury, and (2) from a statement or calculation prepared by the plaintiff and sent out with the jury exactly what he desired awarded to him. The instructions given about the tender, and they were not objected to, would have justified a verdict for defendant, a possibility the consequences of which we need not now discuss. The jury was also instructed "If there were no settlements in full......then your verdict should be for plaintiff in such sum as the evidence warrants......You will therefore determine first what these agreements were with reference to the matters in dispute, and then determine if under the evidence the plaintiff is entitled to recover anything, and if so how much."

The plaintiff's calculation of his claim sent out with the jury contained a number of items of debit and of credit. The total debit included the cost of mining which defendant admitted owing and which he paid into court, but it was omitted from the list of credits so that the record now before us shows that the case was presented by the parties and considered by the jury as involving the determination of the total indebtedness less the credits specified, which credits did not include what was paid into court, and on that basis the jury determined the total indebtedness to be $235.29. The alleged tender did not change the issue as the parties tried it; that continued to be how much, if anything, defendant owed plaintiff. He did not amend his statement by

crediting the amount paid into court and then proceed for the balance; nor did he take judgment for the amount admitted to be due and try for the balance: Cerkovnik Bros. v. East Windber Coal Co., 74 Pa. Superior Ct. 399, 402.

Considering the manner in which the case was tried, it would be wrong to permit plaintiff to have the amount for which judgment was entered and also the amount paid into court. We have therefore concluded that the learned court below erred in refusing revision. Appellee asserts that the application came too late and that in any event the matter should have been raised by motion for a new trial. The rule was granted at the same term in which judgment was entered, and could be heard and decided at subsequent term: Fisher v. Fisher, 74 Pa. Superior Ct. 538, 544; Lance v. Bonnell, 105 Pa. 46.

The order discharging the rule is reversed, the rule is reinstated and the record is remitted with instructions that the court below by appropriate order permit plaintiff to recover the amount of the verdict with interest thereon and with costs, the plaintiff to credit that total with the amount paid into court by the defendant less poundage and other costs, if any, to be incurred in taking out the same.