Baldwin Township School District, Appellant, *v.* Pittsburgh Terminal Coal Corporation.

Argued May 3, 1938. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Irwin I. Tryon,* for appellant.

*Sidney J. Watts,* of *Baker & Watts,* with him *William R. C. Ford,* for appellee.

OPINION BY KELLER, P. J., July 15, 1938:

The plaintiff school district appealed to the Supreme Court from the refusal of the court below to enter judgment in its favor against the defendant coal company for want of a sufficient affidavit of defense in an action in assumpsit, brought under section 503 of the School Code (Act of May 18, 1911, P. L. 309, 24 PS sec. 384), for unpaid school taxes assessed for the school year 1935-1936, plus interest and an added penalty of 10%. The Supreme Court (328 Pa. 17) certified the appeal to this court because the defendant had by leave of the court below paid into that court $6043.75, the amount of taxes admitted by it to be due, and all costs accrued, and, in the language of Mr. Justice SCHAFFER: "Thereupon the money [so paid in] became the school district's: *Lower Yoder Township School District v. Title Trust & Guarantee Co.,* 318 Pa. 243, 178 A. 475, and the amount really in controversy is the interest and the ten per cent penalty, the aggregate of which is less than $900."

The lower court was not satisfied that the plaintiff was entitled to a summary judgment covering these

items because of averments in the affidavit of defense substantially to the effect that the defendant on May 27, 1936 had forwarded to the tax collector for said school district a check drawn upon the Colonial Trust Company of Pittsburgh, Pa. for $5755.95, the face amount of the tax as levied by said school district; that on June 1, 1936 defendant had received said check back from said tax collector, with a notation to the effect that defendant would have to pay said tax to Irwin I. Tryon, Esq.; that on August 12, 1936 defendant mailed said Tryon—who appears in this action as solicitor for said school district—two checks drawn upon said Colonial Trust Company, where defendant has at all times had more than sufficient funds on deposit to pay the same, one for $5755.95 covering the face amount of said tax and one for $287.80 to cover the penalty of 5% which became due and payable on defendant's failure to pay said tax by October 1, 1935; that said Tryon on August 14, 1936, but before the bringing of the present action, in person returned said checks by handing them to the treasurer of defendant company; that said checks were returned by said solicitor not because of any dissatisfaction with the mode of payment by check [see, *Schaeffer v. Coldren,* 237 Pa. 77, 85, 85 A. 98; *Phila. Company v. Renner,* 222 Pa. 512, 71 A. 1056; *Pershing v. Feinberg,* 203 Pa. 144, 52 A. 22], but because they failed to include a *collection fee* of 10%—not to be confused with the penalty of 10% sought to be recovered in this action— to which he claimed to be entitled as the solicitor of said school district; that said demand for the payment of said *collection fee* of 10% by said solicitor was in accordance with a previous letter sent by him to defendant on May 23, 1936, wherein he demanded the payment of $6649.13, being taxes levied and assessed of the face amount of $5755.95, plus 5% penalty, $287.80, making $6043.75, plus 10% collection fee on

both, $604.38 and an error in addition of $1; that said defendant had again, on October 6, 1936, tendered to the plaintiff school board and its treasurer the face amount of said tax claim as filed and the 5% penalty on the same, but on the advice of its said solicitor the treasurer had refused the same because it did not include the 10% collection fee or commission demanded by said solicitor; and that the amount due the school district would have been paid before the bringing of this action had the said solicitor not demanded, without any legal warrant, that defendant pay in addition thereto a collection fee or commission, for the benefit of the solicitor, of 10%.

A summary judgment should not be entered by an appellate court in favor of a plaintiff, following the refusal of the lower court to enter judgment for want of a sufficient affidavit of defense, unless his right thereto is "clear and free from doubt": *Kaster v. Penna. Fuel Supply Co.,* 300 Pa. 52, 150 A. 153; *Ross v. Leberman,* 298 Pa. 574, 148 A. 858. We are not satisfied that the right of the plaintiff school district is so clear in this case as to require us to reverse the court below. The Supreme Court has already pointed out that the money paid into court by the defendant became the money of the school district upon its payment into court and could have been drawn out and used by the school district. See also *Norris' Est.,* 329 Pa. 483, 495, 198 A. 142; *Wheeler v. Woodward,* 66 Pa. 158; *Berkheimer v. Geise,* 82 Pa. 64; *Sheehan v. Rosen,* 12 Pa. Superior Ct. 298, 305. The case bears no likeness to *Philadelphia's Appeal,* 117 Pa. Superior Ct. 132, 177 A. 700, where the money was paid to the Prothonotary without leave of court or notice to or knowledge of the taxing district, and under the act being construed in that case taxes paid into court did not become the money of the taxing district but were subject to allocation and disposition by the court. *Thomas v. Nichols,*

77 Pa. Superior Ct. 82, relied on by appellant, is not contrary to the pronouncement of the Supreme Court in *Lower Yoder Township School District v. Title Trust & Guarantee Co.*, supra, applied to the present case in 328 Pa. 17. Judge LINN, speaking for this court, there said, *"Considering the manner in which the case was tried,* it would be wrong to permit plaintiff to have the amount for which judgment was entered and also the amount paid into court. We have therefore concluded that the learned court below erred in refusing revision." It was because the court below in that case erroneously entered judgment for the full amount of the verdict,— which was for the sum claimed by plaintiff—, with interest and costs, without crediting the amount paid into court, as would have been proper, that this court ordered the plaintiff to credit that total with the amount paid into court by the defendant less poundage and other costs.

It is not our intention to discuss the merits of the case, or the applicable rules of law further than is necessary to support our position. *Kaster v. Penna. Fuel Supply Co.*, supra.

Appellant's claim for a ten per cent collection fee or commission, which was at the base of the whole dispute, is not now in issue before us, but we may say that no statute, general or local, authorizing or warranting such a demand has been cited or presented to us.

The Act of May 29, 1931, P. L. 280, which was specially cited as supporting the claim for interest, relates only to cases where a tax collector makes return of unpaid taxes, for which no liens have been filed, to the *county commissioners* for purposes of collection and sale by the county treasurer, which was not done in this case, pursuant, apparently, to the provisions of section 21 of the Act. However, we do not pass on the merits of the claim for interest.

Section 503 of the School Code provides for the *addition* of a *penalty* of 10% to *"any judgment obtained for such taxes"* in an action of assumpsit. Differing from most statutes, by the express provisions of the Act, the penalty is not included as a component part of the original judgment, but is "added" to the judgment after it is obtained in the action for such taxes, and "together with costs of suit" may be collected by an execution issued on the judgment with the added penalty.

In the present case, as $6043.75 was paid into court, which became the property of the plaintiff school district before any judgment was entered in the action, no penalty, in any event, could be added on the net amount, less poundage, so paid in, nor would interest be thereafter recoverable on the net amount paid in. If the amount paid into court should, on the trial, be determined to have been the full amount recoverable by the plaintiff school district, no interest would accrue and the poundage costs would be chargeable to the plaintiff: *McDermott v. McDermott,* 130 Pa. Superior Ct. 127, 196 A. 889; *Lower Yoder Township School District v. Title Trust & Guarantee Co.,* supra; *McLane v. Hoffman,* 164 Pa. 491, 30 A. 399; *Wheeler v. Woodward,* 66 Pa. 158.

We may add that the plaintiff's statement does not set forth in any of its specific averments the amount of the tax levied and assessed against defendant's real estate in Baldwin Township or how the amount claimed to be due it is made up. To support a judgment for want of a sufficient affidavit of defense the statement should be self-sustaining: *Taggart v. DeFillippo,* 315 Pa. 438, 173 A. 423; *Chestnut St. Nat. Bk. v. Ellis,* 161 Pa. 241, 28 A. 1082; *Parry v. First Nat. Bank,* 270 Pa. 556, 559, 113 A. 847; *Fritz v. Hathaway,* 135 Pa. 274, 280, 19 A. 1011.

The order appealed from is affirmed.