## Albert Co. v. Ruberg et al., Liquidating Trustees

*David Bortin,* for plaintiff.
*Hymen Schwartz,* for defendants.

WINNET, J., January 29, 1942.—Nathan Perlberg, one of the liquidating trustees, has filed a petition to strike off a judgment which had been entered against the Philadelphia Workmen's Saving, Loan & Building Association. He alleges that suit was started against

Morris Ruberg, S. F. Cramer, and Nathan Perlberg, liquidating trustees of the Philadelphia Workmen's Saving, Loan & Building Association, but the judgment entered was against the association. He states further that the service of the statement of claim was defective in that copies were served on the trustees "by handing the same to Rose Binar, their secretary", without an inquiry being made as to the residence of defendants and an attempt to serve the statements there as required by the act. In his amended petition he states that he has for years lived at 1720 Memorial Avenue, in the City and County of Philadelphia, and the service of the statement of claim at 316 Bankers Securities Building, at his alleged place of business, is defective because it is not his place of business and is only the place of business of Morris Ruberg, one of the liquidating trustees. An answer to the petition denying the invalidity of the service was filed and depositions were taken.

Plaintiff's statement of claim reveals that his suit against the association is based on his rights as a withdrawing stockholder. He alleges he gave notice of withdrawal which was acknowledged in May of 1931. Since that time the association has gone into liquidation and plaintiff has received some dividends. He has demanded payment of the balance due him but has not received it. Judgment was entered for want of an affidavit of defense.

Defendant Perlberg is the only trustee complaining about the judgment. He argues that there was no lawful service of the statement of claim on him or on Cramer, and in the absence of a valid service no judgment could be entered. This would raise the question whether service on them was necessary in view of the admission of a proper service on the third trustee. Petitioner then argues that the judgment was entered against the corporation which was not a party to this suit. This raises the question whether this suit was against the corporation. If it was, then certainly service on one

trustee, or one agent, would be a valid service. If it was against the trustees, then service should have been against all three. But, since there is no judgment against the trustees, there is no ground for complaint.

The association is in voluntary liquidation. It is clear that voluntary liquidation does not end the corporation. It exists as it did before; for the purpose of efficiency in the liquidation all the management has been taken from the directors and officers and concentrated in the hands of the liquidating trustees. The association, however, continues in existence during the whole process of voluntary liquidation, and any suits by creditors or stockholders claiming the rights of creditors must be brought against the association: Perletto v. Lancaster Ave. B. & L. Assn., Municipal Court, July term, 1940, no. 659 (opinion filed December 26, 1941).

Counsel for plaintiff, admitting this, nevertheless contends that suit against the trustees is justified by section 1105 of the Building and Loan Code of May 5, 1933, P. L. 457, 15 PS §1074-1105, which states:

". . . the liquidating . . . trustees . . . [after filing with the Department of State election to dissolve] be authorized to carry out . . . in their own names as liquidating . . . trustees of the association, the powers granted to . . . them."

Segal on Pennsylvania Banking and Building and Loan Law, vol. 1, p. 656, in commenting on this question merely says:

"The corporate existence continues until the issuance of a certificate of dissolution".

If the corporation continues a suit must be brought against it and not the trustees. Service must be made as provided for under the Act of April 3, 1903, P. L. 139, and its amendments relating to service of process on corporations. Handing the summons, or a copy of the statement, to an officer is sufficient, and in this case handing a copy of the statement of claim to one of the trustees is also sufficient. The difficulty with the present

suit is that it is not against the corporation. Not only the caption of the case but the statement of claim names the *defendants* as the *liquidating trustees* of the association. The judgment that is asked for is against the *defendants*. Notwithstanding, the judgment was entered against the association. A judgment must not only be sustained by the pleadings, but it should be in response to them. See Parry v. First National Bank of Lansford, 270 Pa. 556, 559, West v. Pennsylvania R. R. Co., 328 Pa. 156, 158, and Baldwin Township School District v. Pittsburgh Terminal Coal Co., 132 Pa. Superior Ct. 148, 153. The judgment entered, therefore, must be stricken off.