## Ockman, Appellant, *v.* Jones Machine Tool Works, Inc., Appellant.

Argued April 11, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Wade Goble* and *Charles S. Thompson,* for appellant No. 249, appellee No. 266.

*Edward Unterberger,* for appellant No. 266, appellee No. 249.

PER CURIAM, May 22, 1944:

There are two appeals, one by the plaintiff, number 266, and the other by the defendant, number 249.

Plaintiff sued in the Municipal Court to recover a balance claimed for labor and material furnished in the construction of defendant's plant. After various motions which need not detain us, an affidavit of defense was filed containing new matter and a counterclaim for an amount in excess of the jurisdictional limit of the Municipal Court. The defendant then filed a petition to remove to the common pleas pursuant to the Act of July 11, 1923, P. L. 1035, 17 PS section 693, and the record was removed. The plaintiff then took a rule for judgment for want of a sufficient affidavit of defense and a rule to strike off the new matter and counterclaim. The rule for judgment was discharged on the ground that summary judgment should be entered only in clear cases and that this was not a clear case; the rule to strike off the new matter in the counterclaim was made absolute and leave was given to amend the averments of new matter and counterclaim. The defendant then amended. Plaintiff then took another rule for judgment for want of a sufficient affidavit of defense and the defendant took a rule for judgment for want of a reply to the counterclaim. The court discharged both rules on the ground that neither rule presented a clear case for summary judgment; we concur in that conclusion: compare *Parry v. First National Bank of Lansford,* 270 Pa. 556, 113 A. 847; *Kaster v. Penna. Fuel Supply Co.,* 300 Pa. 52, 150 A. 153; *Baldwin Twp. Sch. Dist. v. Pitts. Term. Coal Co.,* 132 Pa. Superior Ct. 148, 151, 200 A. 885.

Orders affirmed.