## Naylor, Executrix, et al. v. Harleysville Mutual Casualty Company

*W. D. Harkins*, for plaintiffs.
*O. C. Riethmiller*, for defendant.

ALESSANDRONI, J., January 21, 1947.—Defendant issued a standard automobile liability insurance policy to Hubert Naylor. It is averred that the policy was so issued at the suggestion and instance of the duly authorized general agent of defendant company, with the full understanding and knowledge that the motor vehicle covered by the policy of insurance was the property of James H. Naylor, the father of Hubert Naylor. It is further alleged that the general agent suggested the issuance of a policy in the name of Hubert Naylor because defendant company had previously covered Hubert Naylor as the owner of a motor vehicle, and wished to assure the issuance of a driver's license to Hubert Naylor under the Financial Responsibility Act. It was the suggestion of the general agent that the insurance policy be issued again in his name, even though he was not the owner of the new car. It is further alleged that defendant company knew that James H. Naylor, the owner of the motor vehicle, would operate it in the conduct of his business.

About six months after the policy was issued the motor vehicle, operated by Richard Scheuch, one of plaintiffs, with the permission and authority of James H. Naylor, was involved in an accident. Defendant disclaimed liability, whereupon plaintiffs employed counsel to defend the action instituted against them as a result of the accident. Upon verdict and judgment in that action in favor of defendants, this suit was instituted to recover expenses and counsel fees incurred, on the theory that defendant insurance company was guilty of a breach of contract in failing to defend the action.

Numerous reasons are assigned in support of the affidavit of defense raising questions of law. There are, however, but two issues for determination: First, does the fact that the named insured was not the sole owner of the motor vehicle, as set forth in the declara-

tion attached to the policy of insurance, invalidate the contract? Secondly, are the real owner of the motor vehicle, and the person operating it with his permission, within the category of "insureds" under the terms of the policy?

It is well settled that when an insurer at the time of the issuance of a policy had knowledge of existing facts which would invalidate the contract from its inception, such knowledge constitutes a waiver of conditions in the policy which are inconsistent with the known facts and the insurer is estopped from asserting a breach of such conditions. Knowledge of this character estops the insurer from asserting the right to avoid or forfeit the policy.

In Francois v. Auto. Ins. Co. of Hartford, 349 Pa. 360, a policy of insurance covering musical instruments was issued to plaintiff as owner of the chattels. The evidence established that plaintiff's property interest in the chattels was that of a fiduciary, she being the executrix of the estate of the owner. This fact was known to the agent of defendant company who solicited the insurance. The court held that the knowledge of the agent was tantamount to knowledge of defendant: Kocher v. Kocher et al., 300 Pa. 206. Since the agent knew that one of the conditions of the policy was inconsistent with the facts, and the insured was guilty of no fraud or misrepresentation, the company was estopped from setting up the breach of the condition: Clymer Opera Co. v. Flood City Mutual Fire Ins. Co., 238 Pa. 137.

Since the duly authorized general agent of defendant knew that the motor vehicle was owned by James H. Naylor and not by Hubert Naylor, the named insured, the statement set forth in the declaration forming part of the policy that the named insured was the sole owner cannot be asserted to avoid liability under the terms of the policy.

There are two classes of persons protected by a standard automobile liability insurance policy; namely, the "named insured", who is the party specifically mentioned in the policy, and the "insured", including within its scope any person operating the motor vehicle with the permission of the named insured.

There is no allegation that at the time of the accident the named insured had given permission to either of plaintiffs in this action. We do not believe that such allegation and proof thereof are necessary. Such a requirement would mean that the owner of the automobile needed permission to operate it from a person who had no property interest in it. We believe that defendant company estopped itself from demanding proof of permission to operate the automobile from the named insured since it knew that that individual was not the owner and did not have the power to grant or refuse permission. The anomalous situation created was the result of a plan by the general agent of defendant company. To permit them to repudiate liability under the agreement which they planned and advised their insured to accept would result in the collection of premiums by defendant without the assumption of the risk encompassed by the rate charged.

Since the general agent knew that the very manner in which he prepared the policy would frustrate the purpose of the party applying for the insurance protection, the company, charged with this knowledge, cannot be permitted to avoid payment due to the improper act of its agent in not properly setting forth the facts and the interests which the insuring party intended to have covered: First National Bank of Charleroi v. Newark Fire Insurance Co., 118 Pa. Superior Ct. 582. See also Headley's E. & S. Co., Inc., v. Pa. I. Corp., 319 Pa. 240.

It is a well established rule that a summary judgment may be entered only in cases which are clear and

free from doubt: Drummond v. Parrish et al., 320 Pa. 307; Ockman v. Jones Machine Tool Works, Inc., 349 Pa. 527. We do not believe that the cause of action set forth is of such a nature that it can be the subject of summary disposition.

*Order*

And now, to wit, January 21, 1947, defendant's affidavit of defense raising questions of law is dismissed and leave is granted to file an answer to the merits within 20 days.