## Allen *v.* Williamsport National Bank, Appellant.

*Promissory notes—Collateral note—"Necessary expenses and charges."*
Where a collateral note provides for the sale of the collateral on default, and the application of the proceeds "to the payment of this note, and all necessary expenses and charges," the payee of the note is not entitled to retain from the proceeds, the expenses of printing an answer and employing counsel in an unsuccessful suit in equity to restrain the sale of the collateral.

Argued Feb. 26, 1908. Appeal, No. 4, March T., 1908, by defendant, from judgment of C. P. Lycoming Co., Dec. T., 1903, No. 251, on verdict for plaintiff on trial by court without a jury in case of Robert F. Allen, Administrator d. b. n. c. t. a., and Trustee of the Estate of Levi Houston, deceased, v. Williamsport National Bank. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Assumpsit to recover the expenses of an equity suit. Before Ormerod, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the judgment of the court stated in the opinion of the Supreme Court.

*John J. Reardon,* with him *William Russell Deemer, Seth T. McCormick* and *J. A. Beeber,* for appellant.—The expenses of the equity suit were necessary: Blake v. Paul, 29 Legal Int. 366; Knox v. Moatz, 15 Pa. 74; Ballingall v. Hunsberger, 16 Pa. Superior Ct. 117.

*W. D. Crocker,* with him *John G. Reading,* for appellee.—It is well established in Pennsylvania that counsel fees are not collectible or taxable as part of the costs in any legal proceeding in the absence of express statutory authority, or an express stipulation for the payment thereof: Wadlinger on Costs, secs. 2; 119, 167; Winton's App., 87 Pa. 77; Commonwealth v. Meyer,

170 Pa. 380; Tarr's Est., 10 Pa. Superior Ct. 554; DeCoursey v. Johnston, 134 Pa. 328; Grubb's App., 82 Pa. 23.

OPINION BY BEAVER, J., April 20, 1908:

January 11 and March 19, 1901, respectively, Celia H. Armstrong, executrix of the estate of Levi Houston, deceased, and "The Levi Houston Company," by D. W. Shollenberger, Secretary and Treasurer, executed two several promissory notes, for $2,500 and $5,000, respectively, payable four months after their dates, which notes were discounted by the appellant. At the same time there were deposited with the appellant, as collateral security for said notes, bonds of the American Wood Working Machinery Co.

The notes contained the following provision: "We authorize the holder of this note, upon non-performance of these terms at maturity, to sell either at public or private sale, without demanding payment of this note or the debt due thereon, and without further notice, and apply the proceeds, or as much thereof as may be necessary, to the payment of this note and all necessary expenses and charges, holding us responsible for any deficiency."

April 27, 1901, Celia H. Armstrong was discharged as executrix of the estate of Levi Houston, deceased, and Robert F. Allen, the appellee, was duly appointed administrator d. b. n. c. t. a. and trustee of said estate, by the orphans' court of Lycoming county.

Default being made in the payment of the notes and notice having been given by the appellant to the appellee and other parties in interest, of its intention to make sale of the collateral bonds, under the terms of the notes above mentioned, the appellee filed a bill in equity, seeking to restrain the appellant from further proceedings in the matter of the sale of the collateral "not on the ground of any irregularity of appellant's proceeding, but on the ground of the non-liability of the maker of the note."

After hearing on its merits, the appellee's bill was dismissed at the costs of the plaintiff, and thereupon appellant continued its proceeding to sell the collateral, and did sell the same, and,

in accounting to the appellee for the proceeds thereof, as necessary expenses, charged two items, one of $9.50 for printing answer to plaintiff's bill in equity, and $450 paid out for counsel fees, in defending the said proceedings in equity.

The action here is to recover from the defendant the said two items retained by it as necessary expenses and charges, or so much thereof as remained in its hands, after paying the amount of the said two several notes.

The only question here is whether or not the expenses connected with the defense of the bill in equity filed by the plaintiff against the defendant, in which the authority of Celia H. Armstrong as executrix to make the said notes was denied, were properly chargeable, as necessary expenses and charges authorized in the provisions thereof relating to the sale of the collaterals therefor.

The case was tried, without a jury, before the president judge of the 48th District specially presiding.

The court, having found the facts as above epitomized, found, as its fourth conclusion of law, "That the plaintiff is entitled to recover the said sum of $323.17, being for the sum of $9.50 retained for printing equity answer; and $313.67 to apply upon counsel fees, together with interest thereon from September 10, 1902." This conclusion is supported by an elaborate opinion, in which as to all its essentials we concur.

The bill in equity was in no sense a part of the necessary expenses and charges of making sale of the collateral securities deposited with the said notes. Whatever may have been the causes which led to the removal of the executrix of the estate of Levi Houston, who was one of the makers of the notes, it is, nevertheless, true that the plaintiff was appointed as her successor and felt it incumbent upon him to question the right of the executrix to execute and negotiate the notes. This was a proceeding entirely distinct from the sale of the collateral. It is true that it called a halt upon the proceedings to sell, but was in no sense a part of them.

The court below cites a number of authorities, more or less directly in point, but that which in our mind fully covers the present controversy is DeCoursey v. Johnston, 134 Pa. 328.

In that case a husband and wife joined in the assignment of a policy upon the life of the husband for the benefit of the wife, as collateral security for the husband's note, which provided for the public or private sale of the policy and the application of the proceeds to the payment of this note and all necessary expenses and charges, and the assignee transferred the policy to another and died. In a feigned issue between the second assignee and the widow of the assured to determine the ownership of the proceeds, it was held that the expenses and charges contemplated were those incident to the sale of the collateral and would not include a counsel fee for the trial of the feigned issue. Substitute the bill in equity filed by the plaintiff here for the feigned issue tried in that case, and we have practically similar conditions. The bill in equity questioned the validity of the notes executed by the executrix. The feigned issue was to try the validity of the assignment of the policy of insurance to the holder of the note. If there is any distinction between the case cited and the one which we are considering, the latter is stronger against the appellant than the former. There the feigned issue affected the assignment of the collateral. Here it affects the validity of the note itself and had nothing whatever to do with the collateral.

Ballingall v. Hunsberger, 16 Pa. Superior Ct. 117, has no application to the present case. That was a case in which the holder assumed to protect the collaterals held by him by presenting them, through counsel, before an auditor, in order to secure the pro rata dividend to which they were entitled. The services thus rendered were directly in connection with the preservation of the collaterals and inured to the benefit of the owner, and, as said by our Brother ORLADY in that case, "It was the bounden duty of the defendant to protect the collateral deposited with him, not only to bring it before the auditor, but to secure for it the dividend to which it was entitled."

There was no allegation here that, in the bill in equity, the court awarded counsel fees to the defendant, and, in the absence of an express decree awarding the same, we are of the opinion that the defendant had no right to retain the amount of counsel fees and other costs in the bill in equity from the

proceeds of the collateral securities held and sold by it, under the sale clause providing for "necessary expenses and charges."

Judgment affirmed.