# Dewees *v.* Middle States Coal & Iron Company, Appellant.

*Negotiable instruments—Promissory notes—Presentation—Affidavit of defense—Insufficient averments—Act of May 16, 1901, P. L. 194.*

1. When in an action on a promissory note the statement of claim alleges that the note was duly presented for payment to the then president of the defendant corporation, an affidavit of defense by defendant's treasurer averring merely on information and belief that no presentation was made, is insufficient, especially where the defendant was the party primarily liable.

2. Failure to present a promissory note does not discharge the obligation when the person sought to be charged is primarily liable. Where it is set up that the maker of the note was able and willing to pay at the place fixed for payment at maturity, such ability and willingness under Sec. 70 of the Act of May 16, 1901, P. L. 194, is equivalent to a tender of payment and would only discharge the interest thereafter accruing.

Argued Jan. 21, 1915.   Appeal, No. 219, Jan. T., 1914, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1913, No. 4363, for want of a sufficient affidavit of defense in case of Ella T. Dewees v. Middle States Coal & Iron Mines Company.   Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear in the following opinion by FERGUSON, J.:

This was a rule for judgment.   The action is on a promissory note dated March 1, 1912, for $4,000, payable in one year.   A previous action was commenced on November 13, 1913.   A statement of claim and an affidavit of defense were filed, and the suit was discontinued on March 6, 1914.   On March 13, 1914, the present suit was brought on the same cause of action, and by rule of court No. 2 applying to such suits, wherein a discontinuance had been entered, the same was assigned by the prothonotary to the court, term and number of the original proceeding.

The plaintiff failed to observe the provisions of rule 44, in that she introduced as a part of her statement of claim the averments set up in the affidavit of defense filed by the defendant in the former suit.   This was doubtless done for the purpose of anticipating a defense and was really the introduction of evidence as a part of the pleadings.   There was no allegation in the statement that the quoted averments were true and they therefore remain a part of the statement of claim without apparent function.   The defendant fell into the same error and apparently relied on some of the averments contained in the original affidavit of defense.   No motion was made by either party to suppress any of the pleadings; neither did the court exercise its right as it

might have done under the rules. The ingredients of a good cause of action being apparent the quotations of former pleadings were mere surplusage, but the evil attempted to be corrected by the rule is well illustrated in this case.

As above stated, the suit is on a promissory note dated March 1, 1912, and payable at the expiration of one year. There was endorsed on this note an option to the maker, on full payment of interest, to renew the note for an additional year or any less time.

The affidavit of defense does not deny the consideration for the note or allege that it has been paid. The statement of claim avers that in the month of March, 1913, the note was presented for payment at the place at which it was payable, to the then president of the defendant company. The treasurer makes an affidavit of defense, in which he states that he is informed, believes and expects to be able to prove that the note was not presented for payment. He does not deny that it was presented for payment to the president nor state who gave him the information upon which he bases his belief that it was not presented. When a statement of claim avers presentation to a certain person who is the executive of the corporation and some other officer, merely on information and belief, avers that there was no presentation made, the affidavit is insufficient. There must be a specific denial of the allegation made in the statement of claim.

We fail to see, however, the necessity for presentation. The failure to present the paper does not discharge the obligation when the person sought to be discharged is primarily liable. If there is an allegation in the affidavit of defense that the maker of the note was able and willing to pay at the place fixed for payment at maturity, such ability and willingness, under Sec. 70 of the Act of May 16, 1901, P. L. 194, is equivalent to a tender of payment, but a tender of payment is not a discharge of the obligation. At best it would only dis-

charge the interest, but as we are of opinion that the affidavit is insufficient in its averments of fact touching the presentation, it is unnecessary to consider this matter further.

As to the option to renew the note upon payment of interest, the defendant under the most favorable circumstances could only have had an extension until March 1, 1914. As suit was brought on March 13th the obligation was due at the time suit was brought, with no further privilege of extension. We find nothing in the law to require the collateral mentioned to be presented at the time the note was presented, and under the circumstances when the defendant pays the obligation it may demand and should receive the return of the collateral.

The court made absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned,* among others, was in making absolute plaintiff's rule for judgment.

*Theodore J. Grayson,* with him *Frederick M. Leonard,* for appellant.

*Alfred R. Haig,* for appellee.

PER CURIAM, February 15, 1915:

The order making absolute the rule for judgment for want of a sufficient affidavit of defense is affirmed on the opinion of the learned court below.