# Commonwealth, to use, *v.* Lintott, Appellant.

*Replevin—Judgment—Assessment of damages—Jurisdiction of Municipal Court of Philadelphia County—Common Pleas—Suit on counterbond.*

Where a writ of replevin is issued out of the Court of Common Pleas of Philadelphia County to recover a motor car, and after service of the writ the defendant files a counterbond, and subsequently judgment is entered for plaintiff for want of an affidavit of defense, but the damages are not assessed on the judgment, and thereafter the plaintiff brings an action in the Municipal Court on the counterbond, and a judgment is entered in that court against the sureties on the bond, for want of a sufficient affidavit of defense, the plaintiff cannot assess his damages in the Municipal Court and enter judgment for that sum. He must first have the damages assessed on the judgment in his favor in the Court of Common Pleas.

Where the plaintiff in an action of replevin fixes the money value of the goods replevied as the basis for the bond which he is required by the statute to file, and the defendant enters a counterbond for the sum thus fixed, the plaintiff cannot in a subsequent action on the counterbond recover a sum in excess of the amount which he fixed upon at the beginning of the replevin suit.

In an action on a counterbond the plaintiff cannot assess as part of the legal costs and damages contemplated by the statute, counsel fees for himself, sums paid to deputy sheriffs for working over time and a lump item called costs expended to recover possession of the property; and, on the other hand, the sureties on the counterbond have no legal right to set off against the proper damages of the plaintiffs a claim of the defendant for storage of the goods during the time they were unlawfully detained, or for repairs made during such period. Such counterclaims must be made in the action of replevin.

Argued Dec. 16, 1915. Appeal, No. 323, Oct. T., 1915, by defendants, from order of Municipal Court Philadelphia Co., Aug. T., 1915, No. 492, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth to use of Louis I. Bellow, trading as Auto Transit Company v. Francis J. Lintott, et al.

328, (1916).] Statement of Facts—Opinion of the Court.
Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Assumpsit on a counterbond in replevin.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*C. Oscar Beasley,* for appellants, cited: Holden v. Bull, 1 P. & W. 460; Com., to use, v. King, 18 Dist. Rep. 404; Jennings v. Hare, 104 Pa. 489; Snyder v. Frankenfield, 4 Dist. 767.

*Maxwell Pestcoe,* for appellee, cited: Orr v. Mercer County Mut. Fire Ins. Co., 114 Pa. 387; Schwan v. Kelly, 173 Pa. 65; Gould v. Randal, 232 Pa. 612; Metzger's Est., 242 Pa. 69; People's Water Co. v. Pittston, 241 Pa. 208; Stradley v. Bath Portland Cement Co., 228 Pa. 108.

OPINION BY HEAD, J., October 9, 1916:

The present plaintiff caused a writ of replevin to issue out of the Court of Common Pleas No. 1 of Philadelphia County against Lintott, one of the defendants, to recover possession of an automobile alleged to be wrongfully detained by him. After service of the writ on the latter, he filed a counterbond and retained possession of the car. The plaintiff then filed his statement of claim and served notice of the time within which an affidavit of defense must be made in order to prevent a judgment. No such affidavit having been filed, the plaintiff, as was his right, caused a judgment to be entered in his favor in the said Court of Common Pleas. He made no move thereafter to have the money value of his judgment liquidated, and the record in that court still remains in the condition indicated.

The plaintiff then brought this action in the Municipal

Court against the defendant and the two sureties on the counterbond he had given. The sureties filed an affidavit of defense which the learned court below held to be insufficient and thereupon entered judgment against them because of the insufficiency of the affidavit. The plaintiff in his counter history of the case states he then had his "damages assessed by the prothonotary at $407.46" and judgment entered for that sum. The defendant sureties on the counterbond appeal.

Their first contention is the Municipal Court had no jurisdiction to assess the money value of the judgment of the Court of Common Pleas in the action of replevin. This contention appears to us to be well founded. The judgment in the Common Pleas was in the nature of a judgment by default, and the right to assess the damages which the general judgment was intended to secure,— being a necessary incident to so complete that judgment that an execution might issue thereon,—ought to be in the court which entered the judgment and not in another. Moreover, our Replevin Act of 1901, as we view it, clearly indicates the proper practice in this respect. If the cause proceeded regularly to trial in the court from which the writ issued, the statute declares that if the plaintiff recover "the jury shall determine the value thereof to the successful party." The act further provides that a summary judgment may be entered if the defendant fail, within the required period, to file an affidavit of defense, or if his affidavit be found to be insufficient either as to the whole of the goods or part of them. In the latter case the act provides "And in the event of judgment being rendered in favor of the plaintiff for a portion of such goods and chattels replevied, he may proceed to recover such goods and chattels by writ of retorno habendo, or the value thereof after assessment of damages on a writ of inquiry of damages issued, and the case shall be proceeded in, &c." It is clear then that if the plaintiff obtain a judgment for part of the goods embraced in his writ, because of the insufficiency of the

affidavit as to such goods, ·he must proceed by writ of inquiry to have his damages assessed. Why should a different procedure be followed if the affidavit is wholly insufficient, or if no affidavit at all be filed? We are of opinion that plaintiff must have the damages, secured by his judgment in the Common Pleas, assessed in the manner indicated by the statute on a writ issued out of that court for that purpose.

The statute further provides: "That before any writ of replevin shall issue out of any court of this Commonwealth, the person applying for said writ shall execute and file......a bond,.....·with security in double the value of the goods sought to be replevied." A plaintiff in such an action is thus given the right, in the first instance, to himself fix the money value of the goods in question and his bond must be in twice that amount. If his valuation go unquestioned, it in turn fixes the amount of the counterbond to be given by the defendant if he elect to retain the possession of the goods. How far the action of the sureties on any counterbond might be dependent on the amount of the bond thus practically fixed by the plaintiff, we need not pause to consider. We think it is clear, however, that plaintiff himself must be bound by his own valuation and cannot, in an action against the sureties on the counterbond, compel them to pay a higher value than that which he himself had fixed in his own bond. The bond given by the plaintiff in the action of replevin in the Common Pleas is not· printed in the paper books, and we find no statement therein as to its amount. Under these circumstances we may fairly presume it to have been in the same sum as was the counter bond, to wit, $500. The plaintiff, therefore, exceeded his right when, in his assessment of damages, he caused the value of the car to be fixed at the sum of $300. As in the case of any other plaintiff, the damages to be recovered ought not to exceed the sum laid in the declaration or statement. There are several items mentioned in the assessment of damages complained of

that have no proper place therein. In the absence of a statute so providing, there is no warrant for embracing in the assessment of the legal costs and damages, contemplated by the statute, counsel fees for the plaintiff, sums paid to deputy sheriffs for working over time, and a lump item called costs expended to recover possession of car.

It seems clear to us the sureties on the counterbond have no legal right to set-off, against the proper damages of the plaintiff, a claim of the defendant for storage of the car during the time he unlawfully detained it, or for repairs made on the car during that period. This conclusion does not rest on the ground that an action against the sureties on the counterbond is not within the Defalcation Act. Such an action arises ex contractu and is not founded, like the action of replevin, on a tort. But the defendant has had his day in court for the purpose of asserting his alleged lien against the car to secure his charges against it. It is provided in the 6th Section of the act: "If any party be found to have only a lien upon said goods and chattels, a conditional verdict may be entered, which the court shall enforce in accordance with equitable principles." Manifestly then, it would have been competent for the defendant, in the action of replevin, to have set up in his affidavit his claim of lien against the car for storage and repairs, and the validity of that claim could have and would have been fully adjudicated in the trial of the cause. Having failed to exercise the right given him by the statute, he lost it, and he could not now be heard to make defense on that account in an action on the bond. The Constitution guarantees to every citizen of the United States that his property shall not be taken from him without due process of law. But when he has had his day in court and a full opportunity to present his cause and have it adjudicated, he may no longer be heard to say, after a judgment has been entered against him, that his property is taken without due process of law. If he could not now

be heard to claim the value of his alleged lien, we cannot perceive how the sureties whose rights, if any, come through him, can occupy a more advantageous position than would be accorded to their principal.

For the reasons indicated the judgment of the Municipal Court must be reversed. When the plaintiff shall have had his damages assessed in the forum and in the manner provided by law, he will be in a position to proceed against the sureties for the recovery of the amount of that judgment. The action on the bond, being a new and substantive action on a contract, would be within the jurisdiction of the Municipal Court, and in order that plaintiff may not be required, unless he so chooses, to begin a new action, we award a venire facias de novo.

Judgment reversed and a venire facias de novo awarded.