# Commonwealth *v.* Lintott et al., Appellants.

*Replevin—Bond—Principal and surety—Counterclaim.*

Where a plaintiff in replevin proceedings obtained a judgment against the defendant, the sureties on the replevin bond cannot set up, as a defense, in an action on such judgment, a counterclaim which, it is alleged, the principal had against the plaintiff.

*Practice, replevin—Insufficient affidavit of defense.*

In an action against the sureties on a replevin bond, an affidavit of defense is insufficient, which avers as a defense, a counterclaim of the principal, which was never assigned to the defendants, and which was not advanced as a defense in the original proceedings.

Argued Nov. 21, 1918. Appeal, No. 245, Oct. T., 1918, by defendants, from judgment of Municipal Court of Philadelphia, No. 492, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth of Pennsylvania to the use of Louis I. Bellow v. Francis J. Lintott, Anton Smoluk and Michael Kaleda. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on counterbond in replevin.

Rule for judgment for want of a sufficient affidavit of defense.

Opinion of the Superior Court states the case.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*C. Oscar Beasley,* for appellant, cited: Commonwealth *v.* King et al., 18 Dist. Rep. 404; Balsley *v.* Hoffman, 13 Pa. 603; Fahey *v.* Howley, 22 Pa. Superior Ct. 472; Skinner *v.* Chase, 6 Pa. Superior Ct. 279; Aber's Peti-

tion, 18 Pa. Superior Ct. 110; Jennings v. Hare, 104 Pa.
489; Snyder v. Frankenfield, 4 Dist. R. 767.

No appearance and no printed brief for appellee.

OPINION BY HEAD, J., April 21, 1919:

The learned court below made absolute a rule for judg-
ment for want of a sufficient affidavit of defense, and
from that order comes this appeal.

The plaintiff, sometime ago, had instituted an action of
replevin in the Court of Common Pleas of Philadelphia
County to recover possession of certain personal prop-
erty. As a result of that action he finally obtained a
money judgment against Lintott, the principal in the
bond, upon which the present action is founded. That
judgment remains unopened, unappealed from, and unre-
versed. It, therefore, finally adjudicated the right as
between  the plaintiff and the particular defendant
named.

In the action of replevin referred to, the defendant
chose to give a counterbond and retain the possession of
the property sought to be recovered. In that bond the
two remaining defendants in the present action became
sureties for the principal defendant. The plaintiff hav-
ing, as stated, obtained a final judgment against the
principal in the bond, then brought the present action in
the Municipal Court founded on the said judgment, to
recover from the sureties the amount thereof. An affi-
davit of defense was filed by the sureties which, upon
consideration, was deemed insufficient by the learned
court below.

We are unable to escape the conclusion that the action
of the court below was right and proper. The reasons
for this conclusion, or some of them at least, may be
briefly set forth. The whole of the defense advanced is
nothing more than an attempt on the part of the sureties
to avail themselves of the benefit of a certain claim which,
as they allege, their principal had against the plaintiff in

the action.   It nowhere appears that such claim, if any
there be, was ever assigned or transferred to the sureties.
If it existed at all at the institution of the present action,
it was the property of the principal defendant and still
remains so.

But even if it had been formally assigned to these
sureties, it must be clear their rights could rise no higher
than the right of the assignor, the defendant in the origi-
nal action, against whom final judgment has gone.   So
far as he is concerned, this action is analogous to one of
scire facias sur judgment, where it is well known no de-
fense may be advanced save one that has originated since
the entry of the original judgment.   As we pointed out
when the case was formerly before us in another aspect,
Commonwealth for use v. Lintott, 64 Pa. Superior Ct.
328, the original action of replevin furnished to the de-
fendant therein a complete remedy to adjudicate any
claim he may have had against the plaintiff for repairs,
storage, etc., connected with the automobile which was
the subject of that action.   He declined to advance any
such claim and allowed a money judgment to be obtained
against him in a court which had full jurisdiction of the
entire question and, in a form of action, that furnished
him a complete remedy for the adjudication of such a
claim.   We were of opinion then and we are now, that
any such claim on the part of the defendant in the action
of replevin was presumably adjudicated in that action
and, therefore, extinguished by the judgment which was
the end of it.

From this it follows that the principal in the present
bond could make no such defense in the present action,
as the one here set up by his sureties.   If he could not
make it, it is impossible to see how their rights can be
any higher or greater than would be his.   Were the Mu-
nicipal Court in the present action to undertake to ad-
judicate and determine that the plaintiff could recover
nothing because of what is advanced in the affidavit, it
would amount to a nullification of the final judgment of

another court of at least equal jurisdiction, because it would deny to the plaintiff the fruits of such judgment as against those who solemnly undertook to make good any default of their principal in the payment of any sum that might be determined to be due from him to the plaintiff in the action of replevin.

The assignments of error are overruled and the judgment is affirmed.