## Easton National Bank v. Barowsky.

*Affidavit of defence—Averments—Denials.*

Where defendant files an affidavit of defence and sets forth paragraph after paragraph that he "neither affirms nor denies the allegations contained in paragraph —— of plaintiff's statement," and does not answer specifically the facts of the plaintiff's claim, judgment for want of a sufficient affidavit of defence will be entered without permitting a supplemental affidavit to be filed.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Northampton Co., Nov. T., 1922, No. 24.

*Kirkpatrick & Maxwell,* for plaintiff; *A. C. La Barre,* for defendant.

STEWART, P. J., Oct. 30, 1922.—This is a rule for judgment for want of a sufficient affidavit of defence. The plaintiff bank brought suit on two notes made by Morris Goldstein to the order of the defendant, each payable four months after date, one for $1400 and one for $350, and endorsed by the defendant. The statement contained the usual averments that the bank became the owner of the notes for value before maturity, and that the notes were duly presented for payment at maturity, and payment refused, and that notice of the protest was given to the defendant. Defendant's affidavit of defence admits that the bank is a corporation, and that he is a resident of the City of Easton. After that, for eight paragraphs, he sets forth that he "neither affirms nor denies the allegations contained in paragraph —— of plaintiff's statement." In the eleventh and twelfth paragraphs he denies that he owes plaintiff any sum of money whatever. In several opinions we have recently called attention to the fact that an affidavit of defence which neither affirms nor denies the allegations of the plaintiff's statement is totally insufficient. We quoted at length from Dewees v. Middle States Coal and Iron Co., 248 Pa. 202, and Fulton Farmers Ass'n v. Bomberger, 262 Pa. 43, and Parry v. First National Bank of Lansford, 270 Pa. 556. It would be a waste of time to repeat what we have so recently quoted. In a late case, Keister et al. v. Shonberger, 18 Northamp. Co. Repr. 209, we said: "Sufficient time has elapsed since the passage of the act to enable counsel to become familiar with its provisions, and no allowance of amended answers should be made unless the court is convinced that grave injustice would be done by refusing it." We are now applying that language to the present case. We feel that this affidavit of defence was not intended to set forth a defence, and it was filed for delay, and nothing was said upon the argument of the case which would induce us to allow an amended affidavit of defence to be filed.

And now, Oct. 30, 1922, rule for judgment for want of a sufficient affidavit of defence is made absolute, and judgment is entered in favor of the plaintiff and against the defendant; amount to be calculated by the prothonotary.