## Kirpichnikoff *v.* Finkel, Appellant.

*Mechanic's lien—No-lien clause—Retention of moneys for protection against lien—Contract—Evidence—Counsel fees—Set-off.*

1. In an action by a contractor against an owner to recover a balance alleged to be due under a building contract, where it appears that the contract contained a no-lien clause, and authorized the owner to retain an amount sufficient to indemnify him against liens if there should be evidence of any lien rightly chargeable against the contractor, the record of a lien filed against the property of the owner should be admitted in evidence to be followed by further proof that all or part of the work, for which the lien was filed, was covered by the contract which plaintiff had with the owner.

2. In such case, defendant cannot use payments made for counsel fees in resisting the lien, as a set-off against plaintiff's demand.

Argued May 17, 1927.   Before Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 183, Jan. T., 1927, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1925, No. 8558, on verdict for plaintiff, in case of A. Kirpichnikoff v. M. Finkel.   Reversed.

Assumpsit on building contract.   Before Audenried, P. J.

The opinion of the Supreme Court states the facts.

438   KIRPICHNIKOFF *v.* FINKEL, Appellant.

Verdict and judgment for plaintiff for $8,703.47. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*L. B. Schofield,* of *Levinthal, Schofield & Kraus,* for appellant.—The record of the Benson lien should have been admitted: Morris v. Ross, 184 Pa. 241; Com. T. Ins. & T. Co. v. Ellis, 192 Pa. 321; Bithell v. Diven, 18 Pa. Superior Ct. 178.

Under the "complete indemnification" clause of the contract, appellant was entitled to be reimbursed for counsel fees expended by him in resisting the claim of a materialman made on him for building materials furnished to the principal contractor: Anderson v. Washabaugh, 43 Pa. 115.

*Stanley Folz,* of *Sundheim, Folz & Kun,* for appellee. —The court properly excluded the lien from the evidence: Hunter v. Bremer, 256 Pa. 257; Ickes v. Ickes, 237 Pa. 582, 595; Harris v. Brinton, 75 Pa. Superior Ct. 68, 71; Justice v. Watkins, 276 Pa. 138, 143; Electric Storage, etc., Co. v. Sechrist, 86 Pa. Superior Ct. 477; DeCesare v. Marino, 74 Pa. Superior Ct. 34.

Under the law of Pennsylvania, there is no right to charge an adverse party with one's own counsel fees: Scott v. Jervis, 24 Pa. Dist. R. 996; Kaufmann v. Kirker, 22 Pa. Superior Ct. 201; Hempstead v. Theological School, 286 Pa. 493.

OPINION BY MR. JUSTICE SCHAFFER, June 25, 1927:

This is an action on a building contract wherein the contractor seeks to recover a balance which he alleges to be due him. The verdict favored plaintiff and defendant (the owner) has appealed.

The contract contains a "no-lien clause" as follows: "The contractor for himself and all his subcontractors

and all persons acting through or under him, covenant and agree that no mechanics liens or claims shall be filed or maintained by him, or them, or any of them, against the said building or lot of ground appurtenant thereto, for or on account of the work or labor done or materials furnished by him or any subcontractor under this contract, or under contract for any extra work or for work supplement thereto, for, towards, in or about the erection or construction of the said building, and the contractor for himself, and his subcontractors, and all persons acting through or under him, or any of the subcontractors, hereby expressly waive and relinquish all right to have, file or maintain any mechanics' liens or claims against the said building and the lot of ground appurtenant thereto, and that this agreement waiving the right to lien, shall be an independent covenant and shall operate and be effective as well with respect to the work and labor done and materials furnished under any supplemental contract, or contract for extra work, although not referred to therein as work and labor done and materials furnished under this contract." In addition to this provision the contract contains the following: "If at any time there shall be evidence of any lien or claim for which, if established, the owner of the said premises might become liable, and which is chargeable to the contractor, the owner shall have the right to retain out of any payment then due or thereafter to become due an amount sufficient to completely indemnify him against such lien or claim."

On the trial defendant offered in evidence as an offset against plaintiff's claim the record of a mechanic's lien in the sum of $2,995 filed by Eli Benson against the property to which the contract related. This lien recites that part of the amount claimed was for work done as a subcontractor under plaintiff, but for which defendant agreed to pay, and part for extra work done by the claimant at the request of defendant. The trial judge ruled that the lien was inadmissible. In this we

think he erred.  The reason assigned for the exclusion of the lien is that it was not filed by reason of any default of the plaintiff, and that, inasmuch as under the principal contract no lien could be filed, it necessarily followed that the lien could not be for work chargeable to the principal contractor.  Defendant, however, alleges that all work claimed for under the lien is work which should have been done under plaintiff's contract and if he has to pay him the amount of the verdict in this case and also the lien, he will be subjected to a double recovery.

In Morris v. Ross, 184 Pa. 241, there was a no-lien contract and an indemnity clause much the same in wording as we have here; a subcontractor filed a lien and issued a sci. fa. thereon.  The lower court gave binding instructions for the defendant, holding that the subcontractor had no right to file the lien.  When the case reached this court, referring to the indemnity clause, it was said (p. 244) "Inasmuch as the absolute prohibition in this case prevents a recovery, there is no difficulty in appreciating the form of the additional provision.  It simply affords to the owner a means of protecting himself against any *possible* liens which may be filed by withholding from the contractor any money due him under the contract.  Such a provision certainly cannot operate to deprive the owner of the benefit of the prohibitory clause."  The ruling made in that case was followed in Commonwealth Title Ins. & Trust Co. v. Ellis, 192 Pa. 321.  In the light of these two cases, it is difficult to see why the lien was not a proper piece of evidence to be followed by further proof that all or part of the work set forth therein was covered by the undertaking which plaintiff had agreed to perform and for the performance of which he was suing.  Certainly he should not be permitted to recover from defendant for work which he had agreed to do but had not done and to foist on defendant the claim of another for the same work.  When we consider that by the contract plain-

tiff had agreed that "If at any time there shall be evidence of any lien......for which, if established, the owner......might become liable, and which is chargeable to the contractor, the owner shall have the right to retain out of any payment......to become due an amount sufficient to completely indemnify him against such lien," the reason does not suggest itself to our minds, why it is that defendant,—on being hailed into court by the contractor, to meet a claim for a balance alleged to be due for the full completion of the work,— may not meet the demand, at least in part, by showing the evidence of a lien, for which, if established, he, the owner, might become liable, and which is properly chargeable to the contractor, and thus indemnify himself against the lien as the contract provides. Thus the contract is written, and, in offering the lien as evidence in his behalf, defendant was strictly within its terms.

Appellee's counsel suggests that plaintiff did not at any time offer part of the lien. It is not clear that he could have offered part of it. Had it been received, then, plaintiff might have limited its effect to those items in it which were covered by his contract. This is not the instance of an offer, good in part and bad in part, as in Hunter v. Bremer, 256 Pa. 257, and like cases, and therefore properly rejected, because the court is not bound to separate the good from the bad; here the entire lien was good in the first instance and remained good throughout if the work set forth in it was such as plaintiff under his contract should have performed. If it embraces items not covered by the principal contract, they can be eliminated by the court on the trial. Murphy v. Bear, 240 Pa. 448, is not a controlling authority on the pending question. There it was held that the existence of a subcontractor's lien is no defense to a claim by the contractor and the lien is inadmissible in the owner's behalf. In that case there was no such clause of indemnity in the contract as there is in the case at bar. The cases

upon which its decision rested (Moore v. Carter, 146 Pa. 492, and Huckestein v. Kelly & Jones Co., 152 Pa. 631), are not ones in which there was a no-lien contract.

As the case goes back for another trial, we think it unnecessary to pass upon the other questions raised, with the exception of one of them. The defendant may not use payments, which he has made for counsel fees in resisting the lien, as a set-off against plaintiff's demand. The contract gave to defendant the right, in case there should be evidence of a lien or claim for which he might become liable, to retain a sum sufficient to indemnify him "against such lien or claim." This is not broad enough to cover counsel fees: Sensenig v. Parry, 113 Pa. 115.

The first assignment of error is sustained and a new trial awarded.