## Lower Yoder Township School District *v*. Title Trust & Guarantee Co. (et al., Appellant).

Argued April 3, 1935. Before FRAZER, C. J., SIMP-
SON, KEPHART, MAXEY, DREW and LINN, JJ.

244

*Morton Meyers,* of *Graham, Yost & Meyers,* for appellant.

*Ray Patton Smith,* for appellee.

OPINION BY MR. JUSTICE LINN, April 22, 1935:

The School District of Lower Yoder Township in Cambria County deposited its funds in the Morrellville Deposit Bank of Johnstown, hereafter called the bank. To secure repayment, the bank pledged certain bonds with the Title Trust & Guarantee Company, hereafter called the trust company, pursuant to agreements providing that, in case of default, the bonds would be delivered to the school district with power, after 48 hours' notice, to sell them and appropriate the proceeds, or so much as was necessary, to indemnify it as specified. Default occurred in March, 1933, when the bank was limited by the restrictions imposed by the Act of March 8, 1933, P. L. 9 (cf. Com. v. U. S. Fidelity & Guaranty Co., 314 Pa. 140). The school district on July 26th brought this action of replevin against the trust company to obtain possession of the bonds. The bank intervened and filed a counter bond (Act of May 17, 1923, P. L. 249). A declaration was filed, averring the facts stated above and asserting the right to possession. The bank and the trust company filed a joint affidavit of defense. A rule for judgment for

want of a sufficient affidavit of defense was taken on October 17, 1933, and on August 9, 1934, was made absolute. From that judgment the bank has appealed to No. 57.

After the entry of judgment, the school district caused a writ of retorno habendo with fi. fa. for costs to be issued (see section 7 of the Replevin Act of 1901, P. L. 88), which certain trustees (referred to later), on behalf of the bank, moved to set aside; the motion was refused and the trustees have appealed to No. 58.

By the agreement under which the bonds were pledged with the trust company, the school district, on the bank's default, had a lien on the bonds, and became entitled to possession for the purpose of enforcing the collateral. Before the school district could foreclose, the contract required that 48 hours' notice of sale, in default of payment, be given to the bank. In response to such notice, the bank had the right to tender the amount due with interest, whereupon the school district would be obliged to accept its money and relinquish its hold on the bonds.

This litigation might have been ended in this manner May 21, 1934, when the bank tendered to the plaintiff the amount of the deposit with interest and legal costs, had the school district not claimed that the tender was insufficient because it did not include counsel fees for its attorney. It was frankly stated at the oral argument that the only difference between the parties after that date resulted from that claim.

Defendant then asked leave to pay into court. The petition indicates that arrangements were made for a newly incorporated bank to take over the assets of four banks, one of them, the Morrellville Deposit Bank, and that it became desirable to satisfy the school district's lien on the pledged bonds in order that they might be transferred to the new bank. At that time, the school district had two accounts in the bank, a sinking fund account, with a credit of $7,242.95, and a checking account, with a credit of $1,863.52. To accomplish the transfer to the new bank, the tender of debt, interest and costs was made

by the bank to the school district on the 21st of May, 1934, and was refused. As this was refused, the petition was filed two days later, asking leave to pay the sum of $10,007.40—debt, interest and costs*—into court and for leave to deliver the deposited bonds clear of lien. The petition was granted in an order signed by REED, J. Payment into court was made on the same day, whereupon the money became the school district's: Thomas v. Nichols, 77 Pa. Superior Ct. 82, 84.

May 28th, on motion of the attorney for the school district, the court (GREER, J.) ordered that $2,000 in bonds (two of those that had been pledged) be deposited with the prothonotary of the court "until further order of the court," and modified to that extent the order to pay into court made on May 23d. On June 7, 1934, on motion of the attorney for the bank, the order of May 28th was rescinded and that of May 23d was reinstated by an order signed by McCANN, P. J.

It is not disputed that the amount tendered on May 21st, and on May 23d paid into court, represented debt, interest and costs to that date. The school district should, therefore, have accepted it in full settlement of the bank's obligation, unless the claim for fees for its attorney can be maintained. This claim must be rejected. The contract does not provide that, in case of default, the bank shall pay counsel fees to the solicitor for the school

---

| * Amount of sinking fund | $7,242.95 |
|---|---|
| Interest from November 1, 1932 to May 29, 1933 at 3½% | 146.46 |
| Amount of checking account | 1,863.52 |
| Total | $9,252.93 |
| Interest on $9,252.93 from May 29, 1933, to April 23, 1934, at 6% | 499.65 |
| Interest on $9,252.93 from April 23, 1934, to May 21, 1934, at 6% | 43.17 |
| Costs of replevin proceedings, including bond and notary fees | 211.65 |
| Total | $10,007.40 |

district. Nor is there any law providing for it. The School Code, 1911, P. L. 309, section 305, 25 P. S., section 216, provides that the school board may appoint a solicitor and fix his salary. We assume that was done. The Replevin Act of 1901, P. L. 88, section 1 (also see section 3 and Act of May 17, 1923, P. L. 249, as to counterbond of defendant or intervening defendant) requires that a party bringing an action of replevin shall file a bond conditioned that, if he fail to maintain title to the goods, he shall pay to the party entitled "the value of said goods and chattels, and all legal costs, fees and damages which the defendant or other persons, to whom such goods or chattels so replevied belong, may sustain by reason of the issuance of such writ of replevin." It will be noted that the phraseology is "all legal costs, fees and damages." It has been held in a suit on a counterbond in replevin that those words do not include counsel fees for the plaintiff: Com., to use, v. Lintott, 64 Pa. Superior Ct. 328.

The contract under which the bonds were deposited with the trust company provides that, in addition to the amount of the bank deposit, the indemnity shall include "all legal and other costs and expenses for collection, sale and delivery." General indemnity was not contracted for. Counsel fees are not mentioned. The school district is entitled only to the limited indemnity specified. The words in the contract are "all legal and other costs and expenses for collection, sale and delivery," and are, perhaps, less comprehensive than those used in the Replevin Act and in the counterbond construed in Com. v. Lintott, supra. As the parties limited the indemnity to the words quoted from the agreement, they do not include counsel fees. See generally Tarr's Est., 10 Pa. Superior Ct. 554, 558; Sensenig v. Parry, 113 Pa. 115; 5 A. 11; DeCoursey v. Johnston, 134 Pa. 328, 333, 19 A. 1074; Allen v. Williamsport Nat. Bank, 36 Pa. Superior Ct. 73; Com. v. Meyer, 170 Pa. 380, 384, 32 A. 1044; Kirpichnikoff v. Finkel, 290 Pa. 437, 442, 138 A. 913; Oelrichs v. Spain,

15 Wall. 211; Luckenback S. S. Co. v. U. S., 42 F. (2d) 156, 158. The school district, therefore, rejected the tender at the risk of assuming all costs thereafter incurred and of relieving the bank from payment of interest thereafter: Dewees v. Middle States C. & I. Co., 248 Pa. 202, 204, 93 A. 958; Scott v. Pa. Casualty Co., 240 Pa. 341, 347, 87 A. 963; Wheeler v. Woodward, 66 Pa. 158; Sheehan v. Rosen, 12 Pa. Superior Ct. 298, 305; Thomas v. Nichols, supra.

As the bank discharged its contract by the tender and the payment into court with interest and costs on May 23, 1934, the school district has no further interest in the pledge. It is now limited to taking its money out of court. The rule for judgment for want of a sufficient affidavit of defense should have been discharged on the ground that plaintiff was remitted to the fund in court and the record so marked.

No. 57—Judgment reversed and record remitted for proceedings not inconsistent with this opinion.

No. 58—Writ of retorno habendo and proceedings thereon are set aside.