**Wendy COLEMAN, a minor, by Arthur Tunick, her guardian, et al.**

v.

**QUAKER STATE COCA–COLA BOTTLING CO.**

**Civ. A. No. 42759.**

United States District Court,
E. D. Pennsylvania.

Sept. 28, 1971.

James E. Beasley, Philadelphia, Pa., for plaintiff.

---

Duane, Morris & Heckscher, James J. McCabe, Jr., Philadelphia, Pa., for Quaker State Coca-Cola Bottling Co.

## ADJUDICATION

KRAFT, District Judge.

Defendant, Quaker State Coca-Cola Bottling Co. (Quaker State), has moved for an order to satisfy two judgments against it in plaintiffs' favor upon payment to plaintiffs by the Clerk of this Court of the respective amounts of their judgments, which were heretofore deposited with leave of Court.

Plaintiffs, the guardian and the parents of Wendy Coleman, a minor, in their respective rights, instituted an action against Quaker State, Swain School, Inc. (Swain) and L. A. Solt, individually and d/b/a Solt's Chevrolet Company (Solt) for damages resulting from personal injuries sustained by the minor when a school bus, owned by Solt and leased by Swain, in which she was a passenger, was overturned in a collision with Quaker State's truck. The jury, upon trial, returned verdicts against Quaker State in favor of the minor's guardian for $32,650 and the minor's parents for $8,324. The jury's verdict absolved Swain and Solt of liability. Judgments were entered forthwith upon the verdicts.

Plaintiffs filed timely motions for a new trial against Quaker State upon the ground, among others, that the verdicts were inadequate. Plaintiffs also moved for judgments n. o. v. against Swain and Solt. Quaker State filed only a motion against Swain and Solt under F.R.Civ.P. 59(a) for a new trial, limited to the issue of liability.

On May 5, 1971, we granted Quaker State's petition for leave to deposit in the registry of this Court the amounts of the awards against Quaker State.

After briefs and oral argument all post-trial motions were denied on June 21, 1971, 328 F.Supp. 314. No appeal was taken.

When the present petition was filed, Quaker State and plaintiffs were requested to elect whether they desired an evidentiary hearing or submission for decision on supporting affidavits and briefs. Both elected the latter course. The affidavit of Quaker State's counsel contains only the conclusory allegation that Quaker State's counsel, in November, 1970, tendered payment of the amounts of the judgments and that the tender was rejected by plaintiffs' counsel. The affidavit of plaintiffs' counsel alleges that he has no recollection of any tender of payment of the judgment and has no written record in his file of such tender.

Quaker State, on this record, has failed to establish specifically when, how and upon what conditions, if any, the claimed tender was made. It is also clear that Quaker State did not include accrued interest and costs in the alleged tender. Accordingly, we find that Quaker State has failed to establish that it made a legal tender in November, 1970, since, in any event, the plaintiffs were also entitled to their recoverable costs and accrued interest at the rate of six per cent per annum.

■ Quaker State next urges that payment of the face amounts of the judgments into Court tolled the accrual of interest. The Court's order went no further than to grant leave to Quaker State to make the deposit requested. Neither the proffered nor the actual deposit included plaintiffs' recoverable costs or accrued interest. We find that Quaker State's deposit, which omitted costs and accrued interest, was ineffectual as a legal tender. Plaintiffs are entitled to costs under F.R.Civ.P. 54(d) and filed their bill of costs on November 2, 1970 in the amount of $275.19.

■ We think the question of interest on the judgments is governed by the law of the forum state, Pennsylvania. The state's general interest statute, 12 P.S. § 781, provides that judgment creditors receive interest upon the amount of the verdict from the date thereof until payment. Pennsylvania courts further hold that plaintiffs are entitled to interest on their judgments for the period during which their un-

successful motions to set aside the judgment were pending, absent a valid unqualified tender by the defendant of the total amount due. See Kelly v. Redevelopment Authority of Allegheny Co., 411 Pa. 210, 191 A.2d 393 (1963); Hoover v. Dotson, 202 Pa.Super. 532, 198 A.2d 603 (1964); Lower Yoder Twp. School Dist. v. Title Trust and Guarantee Co., 318 Pa. 243, 178 A. 475 (1935).

Accordingly, finding that Quaker State has failed to prove an unqualified legal tender to plaintiffs in either instance, we are obliged to deny the present petition.