865 F.2d 1257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Allan D. CORS: Glenn A. Mitchell; Robert R. Raver; Robert
Calhoun Smith; Robert Calhoun Smith, Jr.,
Plaintiffs-Appellees,
v.
INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellant.
and
Robert S. LANGHAM; Ridgeway Exco, Inc.; Ridgeway Exco
1984, Private Program, Ltd; Taurus Petroleum,
Inc., Defendants,
v.
VINSON & ELKINS, a Texas general partnership, Third Party Defendant.
 No. 88-2548.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 4, 1988.
Decided Dec. 19, 1988.
 
 Stephen M. Colangelo (Robert R. Vieth, McGuire, Woods, Battle & Boothe, on brief), for appellant.
 Richard J. DeFeo, Jr. (Daniel Webster Coon, Jackson & Campbell, P.C., on brief), for appellees.
 Before MURNAGHAN, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Insurance Company of North America (INA), surety for the five Plaintiffs, appeals the district court denial of its request for attorney's fees following a grant of summary judgment in its favor. We affirm.
 
 I.
 
 2
 Plaintiffs invested in a limited partnership in 1984 under a deferred payment plan. Under this plan each was required to secure a surety bond guaranteeing payment of various loans from a lending institution. Each obtained a surety bond from INA by entering into an Investor Bond Indemnification and Pledge Agreement.
 
 
 3
 In 1987 Plaintiffs filed suit against the limited partnership and other defendants, claiming that material misrepresentations had been made regarding the investment. When Plaintiffs also refused to make the final payments due on their loans, and after demand by the lending institution holding their promissory notes, INA made the payments on behalf of Plaintiffs. After INA sought reimbursement for the payments, Plaintiffs amended their complaint to add actions against INA seeking declaratory judgments that they were not liable to the surety. INA counterclaimed against Plaintiffs for reimbursement of the payments it made to the lending institution pursuant to the Agreements.
 
 
 4
 After its motion for summary judgment was granted, INA moved for an award of attorney's fees. Denying the motion the district court found that the Agreements did not provide for attorney's fees in the event of Plaintiffs' default and, alternatively, that the Agreements were ambiguous regarding attorney's fees and should be construed against INA on this issue.
 
 II.
 
 5
 Paragraph 6 of each Agreement provides for INA's recovery of expenses in the event it is required to pay on the bond or foreclose on the partnership interest:
 
 
 6
 The Undersigned [Plaintiffs] will protect, indemnify, and save harmless the Surety [INA] from and against any and all other expenses which the Surety may sustain or incur under or in connection with the policy or bond issued to the Obligee [lending institution], or in connection with this Indemnification and Pledge Agreement, including but not limited to:
 
 
 7
 (a) sums paid to the Obligee or its assigns to cure the Undersigned's Default under, or to purchase the Undersigned's Note;
 
 
 8
 (b) expenses paid or incurred in making, procuring or attempting to procure settlement of or release from liability, foreclosure upon the Undersigned's limited partnership interest, or taking any other action in connection with the Undersigned's Note or in recovering or attempting to recover losses paid or expenses incurred in connection therewith.
 
 
 9
 INA contends that this provision clearly allows for the recovery of attorney's fees as "expenses" incurred "in connection with" the Agreements and "in recovering or attempting to recover losses paid or expenses incurred in connection therewith."
 
 
 10
 The district court held that INA had failed to satisfy either subsection 6(a) or 6(b). The court interpreted subsection 6(a) to apply where, as here, INA was awarded indemnification from Plaintiffs for the amounts paid to the lending institution upon Plaintiffs' default. The court interpreted subsection 6(b) to apply only if INA foreclosed on Plaintiffs' partnership interests. Under this analysis, the court concluded that subsection 6(a) did not provide for the recovery of attorney's fees but only covered the "sums paid to the Obligee" for default, and that subsection 6(b) did not apply at all. Alternatively, the district court held that even if the entire paragraph could be construed as applicable, INA could not recover attorney's fees since the language was at best ambiguous.
 
 
 11
 We need not address the district court finding that the subsections in paragraph 6 provided separate remedies, for it properly concluded that the language was at best ambiguous on the issue of attorney's fees. Under applicable Pennsylvania law, any ambiguities must be construed against INA, the drafter of the Agreements. Village Beer and Beverage, Inc. v. Vernon D. Cox and Co., 327 Pa.Super. 99, 475 A.2d 117, 121 (1984). Here, the paragraph in question could have easily specified an award of attorney's fees had that been the intention of the parties. Indeed, at approximately the same time these Agreements were executed, INA agreed in separate documents to pay the lending institution's "costs and expenses (including but not limited to court costs and reasonable attorneys' fees)" should it fail to pay pursuant to the surety bonds. In the absence of a specific provision, INA is not entitled to attorney's fees. Lower Yoder Township School District v. Title Trust and Guarantee Co., 318 Pa. 243, 178 A. 475, 476 (1935).
 
 
 12
 AFFIRMED.