# Sensenig *versus* Parry et al.

1. An injunction bond, conditioned as required by the Act of May 6th, 1844, "to indemnify for all damages that may be sustained by reason of such injunction," does not cover remote, consequential, or speculative damages, but only such as result directly from the injunction, and its immediate consequences.

2. Counsel fees paid in procuring the dissolution of the injunction are not covered by an injunction bond.

May 20th, 1886. Before MERCUR, C. J., GORDON, PAXSON, STERRETT and GREEN, JJ. TRUNKEY and CLARK, JJ., absent.

ERROR to the Court of Common Pleas of *Lancaster county:* Of July Term, 1885, No. 45.

Debt on an injunction bond by Levi Sensenig against Henry B. Parry, John L. Atlee and Henry C. Demuth to recover damages alleged to have been sustained by the plaintiff by reason of a preliminary injunction issued upon a bill in equity wherein H. B. Parry was plaintiff and Levi Sensenig was defendant. Plea, *nil debet*, payment with leave.

The facts of the case appear from the charge of the Court, LIVINGSTON, P. J.:

In 1880, about August, the plaintiff was about erecting a

large building on his lot; some dispute arose between him and Dr. Parry, who owned the adjoining lot, out of which grew this action of "debt on bond."

On August 30th, 1880, Dr. H. B. Parry filed a bill in equity and asked the Court to issue a writ of injunction to prevent Mr. Sensenig, the plaintiff in the present suit, from tearing down a wall, which he claimed to be a party wall, in and to which he had a right. Mr. Sensenig, as you have heard from the evidence, being then about to tear down and remove said wall, in order to proceed with the building of his large four-story annex to the Leopard Hotel, on East King street.

The Act of Assembly of May 6th, 1844, declares that "No injunction shall be issued by any Court or Judge, until the party applying for the same shall have given bond with suffi cient sureties, to be approved by said Court or Judge, conditioned to indemnify the other party, for all damages that may be sustained by reason of such injunction."

Before the Court could issue the injunction, it became necessary therefore, under the law, for Dr. Parry to execute and file a bond, with sufficient sureties, to be approved by the Court, conditioned to indemnify Mr. Sensenig for all damages he might sustain by reason of such injunction.

Dr. Parry then presented to the Court the bond dated August 30th, 1880, signed by himself, John L. Atlee and H. C. Demuth, in the sum of $500, conditioned to indemnify Mr. Sensenig for all damages that may be sustained by him by reason of the injunction. The bond was approved by the Court and filed.

The injunction was then issued, and was served on August 30th, 1880, and from that day Mr. Sensenig's employees say they were all obliged to suspend work, and cease operations on Mr. Sensenig's new building, and Mr. Sensenig was restrained and estopped from proceeding with the erection of his building until the 28th day of September, 1880, when the injunction was dissolved, and he was permitted to proceed with his building.

And by reason of the issuing of the injunction, and being delayed thereby and hindered in the erection of his building, from the 30th day of August to the 28th day of September, 1880, Mr. Sensenig claims that he has sustained damages, and he has brought this suit upon the bond of Dr. Parry, John L. Atlee and H. C. Demuth, to recover the amount of such damage—to recover in accordance with the condition of the bond—such damage as the jury from the whole evidence shall find he has sustained by reason of said injunction.

The questions here are two:

[Sensenig v. Parry et al.]

1. Was Mr. Sensenig, the plaintiff, delayed, hindered and interfered with, or prevented from proceeding with the erection of his building, by reason of the issuing and service of the injunction upon him? and if so,

2. What damage has Mr. Sensenig sustained (if any) by reason of said injunction?

These are questions for this jury exclusively under the evidence submitted by the parties under the direction of the Court.

The following is the injunction served on Mr. Sensenig:

Therefore, we command you: that you are hereby, upon the service of this writ of injunction, restrained, enjoined and prohibited from tearing down, prostrating and destroying said wall or from doing any act to the injury of the plaintiff.

[Now, if you find from the whole evidence that Mr. Sensenig could have proceeded with the erection of his building, notwithstanding the injunction, without tearing down or injuring the old wall, which the injunction restrained him from disturbing, and without any additional expense or damage by reason of the injunction, then, and in such case, Mr. Sensenig would only be entitled to any additional expense or damage accruing to him in tearing down the old wall, caused by the injunction.]

If he could not have so proceeded during the continuance of the injunction, but could have proceeded, at additional expense and damage, he would have been entitled under the bond to recover such damage in a suit on the bond.

If you find from the evidence that Mr. Sensenig could not have proceeded with the erection of, or erected his building, during the continuance of the injunction, by reason of the injunction, without being subject to additional cost and expense; that he was necessarily restrained from proceeding with his building, and delayed from August 30th to September 28th, 1880, and by reason of the injunction, and such delay, consequent upon it, he would be entitled to recover by your verdict such an amount of damages, as he has, by the evidence produced before you, satisfied you he has sustained, by reason of this injunction, and by reason of this injunction only.

If you find no such damages have resulted, of course you should allow none.

[You will under no view you may take of the matter, allow any remote or merely consequential or speculative damages. You must allow no damages except such as flow directly from the injunction, as its immediate consequences, for the liability upon the injunction bond is limited to such damages as arise

[Sensenig *v.* Parry et al.]

from the suspension or invasion of vested legal rights by the injunction.

Our own Supreme Court has said, that the injunction bond binds a defendant to pay all such damages as may be sustained by reason of the injunction.]

If you find any damages have been sustained by Mr. Sensenig, the plaintiff, by reason of the injunction, you will then have to ascertain what such damages were, of what they were composed, and their amount, extra labor thereby occasioned and paid for; coal rendered necessary and used; stoves rendered necessary and their moving, mortar lost by freezing, extra cost of plastering, royalty for use of yard, rent and such damages as were really occasioned by reason of the injunction only, you may take into consideration.

The items of damage claimed you will consider. See whether or not they are sustained by the evidence. You have heard the testimony from the witnesses on the stand, as they were examined before you. These witnesses were all competent witnesses under the law, their credibility is for you.

If you find that Mr. Sensenig has sustained damages by reason of the injunction, and find that the amount of such damages with interest is less than the amount of the bond with interest from the time the injunction was dissolved, September 28th, 1880, you will return a verdict for plaintiff, for the amount of such damages.

If you find that such damages exceed in amount the amount of the bond and interest upon it from September 28th, 1880, you will return your verdict for the amount of the principal of the bond with interest from September 28th, 1880.

If you find from the evidence that Mr. Sensenig could have gone on with his building, notwithstanding the injunction, without taking down or injuring the old wall, but at an additional expense, he would be entitled to recover the amount of such additional expense as the injunction occasioned.

If you find from the evidence that Mr. Sensenig sustained no damage by reason of the injunction, your verdict will be for the defendants.

On the trial the plaintiff offered evidence to show that he had been compelled to pay counsel fee for the purpose of having the injunction dissolved. This was objected to by the defendants. The objection was sustained and a bill sealed for the plaintiff.

Verdict for the defendants and judgment thereon, whereupon the plaintiff took this writ, assigning for error, *inter alia,*

[Appeal of Kelsey et al.]

the rejection of his evidence as to counsel fees paid, and those portions of the charge included in brackets.

*A. J. Eberly* (*D. G. Eshleman* and *S. H. Reynolds* with him), for plaintiff in error.—In ascertaining damages in an action upon an injunction bond a reasonable sum may be allowed for expenses incurred in procuring a dissolution: High on Injunction, § 967; Hilliard on Injunction, chap. II., § 54.

Counsel fees paid in procuring a dissolution of an injunction are allowed in an action on the bond: High on Injunction, § 973; Ryan v. Anderson, 25 Ill., 272, 283; Derry Bank v. Heath, 45 New Hamp., 524; Corcoran v. Judson, 24 New York, 106; Praeder v. Grim, 13 Cal., 585; Edwards v. Bodine, 11 Paige, 224.

The charge conveys to a lawyer a distinct and probably correct statement of the law in regard to the matter of damages, but plaintiff complains that the jury did not understand it. The words "consequential" and "speculative," and "suspension or invasion of vested legal rights," do not convey any very distinct idea to the mind of the ordinary juror. The Court should have explained to the jury what the exact meaning of the words is, so that there might be no danger of their being led away by the imposing array of "experts."

*B. F. Eshleman* and *William A. Atlee*, for defendants in error, were not heard.

The opinion of the Court was filed May 31st, 1886.

PER CURIAM. There was no error in disallowing the evidence of counsel fee paid by the plaintiff. It is not such legal damage as is specified in the condition of the injunction bond, as to permit a recovery therefor: Good v. Mylin, 8 Pa. St., 51; Stopp v. Smith, 71 Id., 285. All other alleged damages "sustained by reason of such injunction" was a question of fact, and the evidence relating thereto was submitted to the jury in a clear and correct charge. There was no error in the admission of evidence tending to disprove damages.

Judgment affirmed.