## Clarke's Estate

*Joseph A. Whelan,* for petitioner; *Bell, Trinkle, Truscott & Bell,* contra.

GEST, J., March 3, 1933.—Matthew B. Clarke died on April 7, 1932, domiciled in Atlantic County, N. J., where, on May 8, 1932, the surrogate admitted to probate his will, by which the testator bequeathed legacies of $100 to each of his two children, Robert Clarke and Mae Clarke Wells, and devised his residuary estate to his wife, Addie E. Clarke, whom he appointed executrix with power of sale of real estate, and letters testamentary were issued to her. On June 7, 1932, an exemplified copy of the probate proceedings was filed in the office of the Register of Wills of Philadelphia County, who issued ancillary letters testamentary to Addie E. Clarke. The testator died seised of certain real estate in Philadelphia, stated to be worth about $6000. On July 20, 1932, Mae Clarke Wells, daughter of the testator, appealed from the decree of the Surrogate of Atlantic County, alleging that the will was a forgery, and thereupon presented her petition to this court setting forth her fear that Addie E. Clarke, as executrix and residuary devisee under the alleged will of Matthew B. Clarke, might sell, mortgage or encumber the real estate in Philadelphia to her own use. This court, on July 27, 1932, issued an injunction restraining said Addie E. Clarke, as devisee or executrix, from conveying, mortgaging or in any other wise encumbering the said real estate until the further order of the court, with leave

to said Addie E. Clarke to move the court to dissolve the injunction. Security was ordered and duly entered in the sum of $250, conditioned in the usual form to indemnify the said Addie E. Clarke individually or as executrix for all damages which might be sustained by reason of the said injunction.

On October 7, 1932, the Orphans' Court of Atlantic City, N. J., after a hearing of the issue of forgery vel non, ordered that the decree of the Surrogate of Atlantic County, admitting the will to probate, be ratified and confirmed, and immediately thereafter Addie E. Clarke petitioned this court to dissolve the injunction and assess damages in favor of said Addie E. Clarke and against Mae Clarke Wells in the sum of $100.

On October 29, 1932, by agreement of counsel for the parties, this court, on the petition of Addie E. Clarke, dissolved the injunction, and further ordered that all question of damages caused by the injunction be reserved to be disposed of after further hearing. Subsequently, on November 17, 1932, Mae Clarke Wells filed her answer, setting forth, in effect, that her petition for the injunction was made in the sincere belief that the will of Matthew B. Clarke was not signed by him, but was a forgery, and that her purpose was to prevent the sale of any real estate of the testator until the court of the domicile had determined that the will was authentic, and that she, the said Mae Clarke Wells, had, during the pendency of the proceedings, expressed her willingness to permit a sale of the real estate, provided that the proceeds thereof be deposited in the hands of a disinterested third party pending the determination of the issue by the Orphans' Court of Atlantic County, N. J.

It may be, as is alleged by the petitioner, Addie E. Clarke, that the contest in New Jersey was merely an effort to force a compromise of a claim which the subsequent decision of the orphans' court in that state showed to be baseless. Nevertheless, the probate of the will having been formally contested by appeal from the surrogate, and this appeal having been brought into the record in the office of the register of wills, we are unable to find that there was any abuse of civil process which would justify the damages sought to be recovered. The object of the injunction was merely to preserve the property within our jurisdiction in statu quo until the probate of the will should be judicially determined. Compare Maguire's Estate (No. 2), 24 Dist. R. 47.

The damages alleged to have been sustained by said Addie E. Clarke by reason of the injunction consist solely of the counsel fees incurred by her, for which the sum of $100 is claimed, and the only question before the court is whether counsel fees can be so assessed. So far as the quantum of counsel fees is concerned, it need only be said that counsel in their oral argument apparently agreed that $75 was a reasonable counsel fee for services in procuring the dissolution of the injunction.

The act of assembly (section sixteen of the Orphans' Court Act of 1917) merely says that security may be required as in other cases of injunction, so that in the absence of other statutory provision or judicial decisions, we should follow the law applicable to injunction bonds in the courts of common pleas, and it appears from Sensenig v. Parry et al., 113 Pa. 115, that a counsel fee is not such legal damage as is specified in the condition of the injunction bond. The cases cited by the Supreme Court in that case differ, indeed, somewhat from the present, but this ruling of the Supreme Court is clearly applicable, and under its authority this petition must be dismissed.

The petition of Addie E. Clarke, praying for assessment of damages caused by reason of the injunction, is accordingly dismissed.