Borens *v.* Krywoshyja et ux., Appellants.

Submitted June 15, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Samuel Kratzok,* for appellants.

*William A. Robbins,* for appellee.

OPINION BY WOODSIDE, J., September 13, 1962:

This unneighborly dispute between neighbors involves the use of an alleyway which separates their respective buildings.

The plaintiff has been the owner of the premises at 963 North Sixth Street, Philadelphia since February 27, 1942. His deed contains as a part of the conveyance the following: "Together with the free use, right, liberty and privileges of a certain four feet eight inches (4' 8") wide alley to the north of said premises to the depth of thirty feet (30') from said Sixth Street as a passage way and water course at all times hereafter forever in common with the owners, tenants and occupants of the premises to the north."

The defendants have been the owners of the premises at 965 North Sixth Street, Philadelphia since March 26, 1954. Their deed contains as a part of the conveyance the following: "Together with the free and common use, right, liberty and privilege of the said alley in common with the tenants, owners or occupiers of the adjoining premises to the South at all times hereafter forever with the further privilege of building over said alley leaving at least eight feet headway in the clear."

The alleyway to which reference is made in the above deeds is entirely within the area described in the conveyance to the defendants and no part of it is within the area described in the conveyance to the plaintiff.

The plaintiff used the alleyway from December 1936, when he first occupied the premises at 963 North Sixth Street as a tenant, until 1959. He was in the plumbing business and carried tools, pipes and other equipment from his backyard through the alleyway to the street. In 1959, the defendants laid an 8 inch high strip of concrete over the width of the alley for a distance of about ten feet at the rear part of the alley

and boarded up a wooden gate through which access was available from the plaintiff's yard to the alley. This prevented the plaintiff from using the alleyway and required him to carry his tools, pipes and other equipment through his house to get to the street.

The plaintiff brought this action in equity to restrain the defendants from interfering with his using the alleyway for ingress and egress and for damages suffered by the use they had already denied him. After a hearing, the chancellor entered a decree nisi which directed the defendants to remove the concrete, the boards and the nails which prevented the plaintiff from having free access from his yard to the alley and which interfered with his rights of ingress and egress from his backyard through and over the alley to Sixth Street. The chancellor also directed the defendants to pay the plaintiff $1000 damages. After the defendants filed exceptions to the chancellor's decree, the court en banc affirmed the decree except that it reduced the damages to $250. This appeal was taken from the decree of the court below.

Title by prescription has its foundation in the presumption of a grant arising from the long continued use or possession of some right of common or other profit or benefit to be taken from or upon the land of another. Accordingly, the use must be such as to indicate that it is claimed as a right and is not the effect of indulgence. Mere user, no matter how long continued, will not give title. In order to give title, the enjoyment must have been adverse to the rights of the owner of the land. Open, notorious and uninterrupted use for a period of twenty-one years will be presumed to have been in pursuance of a full and unqualified grant, in the absence of evidence of some license, indulgence or some special contract inconsistent with the right claimed. *Shinn v. Rosenberger*, 347 Pa. 504, 507, 32 A. 2d 747 (1943).

. The record before us leaves much to be desired. It does not appear whether the provisions in the deed concerning the alleyway can be traced to a common owner. The testimony of the witnesses was conflicting, partly because some of it had to be taken through interpreters. The court's opinion indicates the finding of a right in the plaintiff by deed of grant, but also recognizes a prescriptive right in its determination that the alleyway was used by the plaintiff adversely for twenty-one years.

Unsatisfactory as the record may be, there can be no doubt from the evidence that the plaintiff did use the alleyway adversely to the owner from 1936 to the time the defendants poured the cement and boarded up the gate between the plaintiff's yard and the alleyway. There is a dispute whether this was done in 1959 or earlier, but the court below found as a fact that the adverse use exceeded 21 years, and there was evidence to support this finding. The defendant contends that the evidence does not exclude a permissive use by the plaintiff, and that if the use was permissive, there can be no prescriptive grant. Without evidence to explain how the use began, the enjoyment is presumed to have been in pursuance of a full and unqualified grant. The owner of the land has the burden of proving that the use of the easement was under some license, indulgence or special contract inconsistent with the right claimed by the other party. *Pierce v. Cloud,* 42 Pa. 102, 114 (1862).

The failure of the plaintiff to develop how, or when, or from whom the provision concerning the alleyway contained in the two deeds got into the two chains of title prevents their use to establish an easement by grant. However, the provision in the deeds is evidence that the original use was by claim of right and was not permissive.

The defendants claim that there was no evidence of any damage suffered by the plaintiff. The chancellor

concluded "Plaintiff is entitled to damages in the sum of $1000.00 from the defendants for being prevented by them from using the alley and in retaining counsel and expending costs in prosecuting this action," and in the decree nisi the chancellor awarded the plaintiff "$1000.00 for damages plus costs." The final adjudication amended the conclusion and decree by changing $1000 to $250. This sum is an award in part "for retaining counsel". The plaintiff has cited no authority for awarding counsel fees in a case like this, and no evidence was submitted as to their value. We have examined the record and conclude that there is insufficient evidence to support the award of damages. See *Moyerman v. Glanzberg,* 391 Pa. 387, 395, 138 A. 2d 681 (1958); *Good v. Mylin,* 8 Pa. 51, 56 (1848); *Sensenig v. Parry,* 113 Pa. 115, 5 A. 11 (1886).

The decree is amended by striking the award for damages, and as thus amended is affirmed. Each party to pay his own costs of this appeal.